KENT GENERAL HOSPITAL, Appellee-Employer Below, Appellant, v. HENRY PAUL BLANCO, Appellant, Claimant Below, Appellee.

(*October* 21, 1963.)

TERRY, C. J., WOLCOTT and CAREY, J. J., sitting.

*Joseph H. Flanzer* and *Alfred Isaacs* (of Flanzer and Isaacs) for appellant.

*Wilfred J. Smith, Jr.,* and *Frank J. Gentle, Jr.,* (of Smith and Gentile) for appellee.

Supreme Court of the State of Delaware, No. 34, 1963.

CAREY, Justice.

The appellee-claimant was injured on November 21st, 1956 while working for his employer Kent General Hospital, the present appellant. An agreement for the payment of $33.15 per week was approved by the Industrial Accident Board. By that agreement payments were to continue until terminated in accordance with the Delaware Workmen's Compensation Law. Payments were continued until January 28th, 1957, on which date Blanco returned to work. He again quit work on July 5, 1957 whereupon payments were resumed and continued until August 23rd, 1957 after which no further payments were made.

On January 27th, 1960, Kent filed a petition to terminate payments as of August 24, 1957. After a hearing, the Board granted this petition. Blanco appealed that award and the Superior Court reversed the Board's decision. In its opinion, the Superior Court held that there was no evidence in the record to support the Board's finding that Blanco had recovered from his injuries. It also held as a matter of law that the Board had no power to make its ruling retroactive. The order of the Superior Court directed a remand and required the Board to hold such further hearings as might be necessary to determine the nature and status of Blanco's disability and to make such further award as was justified. It further ordered that the Board direct the employer to pay the total sum, plus interest, of the unpaid benefits for total temporary disability from August 1957 until January 25, 1961, the date of the Board's last award.

In our opinion, the Court below was clearly correct in its finding that there was no evidence to support a conclusion of full recovery by Blanco from his injuries on the date of the hearing; in fact, at the argument before us this point was conceded by counsel. The case must therefore be referred back to the Board for further action. Because the final award must settle the rights of the parties from and after August 24, 1957, we are obliged to consider to a limited extent the important question of whether the Board has the power to make its awards retroactive. On this point, we find ourselves in disagreement with the Court below.

The Superior Court correctly held that the Industrial Accident Board has only those powers given to it by the Legislature expressly or by implication. It also correctly pointed out the absence of any express language in the Workmen's Compensation Act permitting retroactive

awards. It then held—incorrectly, in our opinion—that nothing in the act impliedly permitted them. Inasmuch as its order directed the making of the original agreed payments up to January 25, 1961, which was the date of the Board's last award, we necessarily assume that the Court meant to hold that an award of termination may not even relate back to the date of the filing of the petition. If that is the correct assumption, the ruling is contrary to the very terms of T. 19 Del. § 2347, as amended on May 5, 1955 in 50 Del.Laws. Ch. 66. This amendment added two paragraphs to § 2347 which are as follows:

"Compensation payable to an employee, under the provisions of this chapter, shall not terminate until and unless the Board enters an award ending the payment of compensation after a hearing upon review of an agreement or award, provided that no petition for review, hearing or an order by the Board shall be necessary to terminate compensation where the parties to an award or an agreement consent to the termination. No petition for review shall be accepted by the Board unless it is accompanied by proof that a copy of the petition for review has been served by registered mail upon the other party to the agreement or award. Within five days after the filing of a petition for review, the Board shall notify each party concerned of the time, date and place scheduled for the hearing upon the petition.

"After the filing of a petition for review the compensation payable to an employee shall be paid by the employer to the Board. The Board shall retain the funds so paid until it enters an order upon the petition for review, after which it shall reimburse the employer or turn over the funds to the employee in accordance with the terms of the order."

It is obvious that the first sentence of this amendment cannot be applied strictly literally, for it seems to indicate that a termination by the Board cannot be made effective prior to the date of the *award*. However, the second paragraph of the amendment shows that this is not correct because it directs that the payments shall be made to the Board after the filing of the petition and shall ultimately be paid by the Board to the employee or back to the employer in accordance with its order. In other words, this paragraph would be meaningless if the Board had no power to make its order of termination effective as of the date the petition was filed. To that extent, certainly the power must exist by necessary implication.

It is true in this case that the employer did not make the payments to the Board as called for under the foregoing statutory language. It is, therefore, possible that the order of the Court below requiring full compensation to continue up to the date of award was based upon estoppel or laches. If that be the reason, we think the Court failed to keep an important fact in mind. At the hearing before the Board the claimant's attorney requested the Board to compel the employer to pay in those sums until final determination. This request was nothing more or less than asking the Board to require what the Act calls for; yet the Board denied that request. No reason appears in the record for the Board's ruling, other than a vague suggestion that the requirement was customarily ignored. Although the waiving of this requirement was not justified by anything in the statute, yet the employer's failure to comply with it was obviously the result of the Board's ruling. It would be unfair, in our opinion, to penalize the employer by making it pay the claimant full compensation during the period between the date of the petition and the date of the award if under the facts and the law it should be ultimately found that it is liable for

only a portion of that amount, when its failure to comply with the statue was the result of an express ruling by the Board.

Up to this point, we have restricted our discussion to consideration of the right of the Board to make an order of termination retroactive to the date of the filing of a petition therefor. The two paragraphs quoted above expressly apply only to a termination; they have no application to other types of modification. In view of the employer's present concession that the evidence did not justify a termination as of the date of hearing, we need not presently concern ourselves with the knotty problem of whether a Board may order a *termination* as of a date prior to the petition therefor, in view of the amendment to § 2347. This is true because, unless additional evidence is presented to the Board at its next hearing, there will be nothing upon which it can base a finding of termination prior to the date of the petition, and any other modification it may make as of a date prior to that time will not be affected by the two paragraphs we have heretofore been considering.

Because there may be evidence which justifies some other modification in the original award even prior to 1960, it becomes necessary for us to determine whether the Board has the power by implication to make such a modification retroactive when a change in conditions is proved. Here again, it is clear to us that this power must necessarily exist in order for the Board to carry out the duties imposed upon it. T. 19 *Del. C.* § 2345 requires the Board to hear the parties and determine the case in accordance with the facts and the law, in cases of disagreement or of refusal to approve an agreement. It must, in other words, determine the facts and decide just what an injured employee is entitled to receive by

way of compensation under the law. An example will suffice to show that, without this power of making retroactive awards, it could not comply with the law. § 2321 provides that the employee shall receive nothing unless he is incapacitated for more than three days, but compensation starts on the fourth day and, if incapacity extends to seven days, he shall have compensation for the first three days. Thus, he must wait a week before anyone can say whether he is entitled to payment for the first three days. He could not file a petition until the end of that time and, if the Board has no power whatever to make a retroactive award, he is deprived of something the law expressly gives him. Other instances could easily be cited where, through no fault of either party, a petition could not be filed immediately, yet the Act clearly confers a right which can only be fully protected by a retroactive order. In fact, under the first two paragraphs of § 2347, which give the Board power to review prior awards by reason of changes in conditions, no review may take place oftener than once in six months. A workman could become totally incapacitated within a month after receiving an award for partial disability. In the absence of an agreement, the Board could not review the matter until the end of six months and, unless it has the power to make its new award retroactive, the workman would be deprived of that additional compensation for the five-month period notwithstanding the right thereto given him by the Act. We cannot accept the suggestion that the Legislature intended such a result. On the contrary, we think the real intent of the Legislature was that an injured person shall be entitled to all the benefits provided by the statute and that it must have intended the Board to have those powers which are required to see that he gets those benefits. We have cited examples of how an employee might be harmed unless the Board has this power; we

could, of course, cite illustrations of how an employer would have to pay more than its obligation under the law, and we likewise do not believe that the Legislature intended that result.

Citation of cases is hardly necessary, in our opinion. Appellee relies primarily upon *Hamlin v. Industrial Commission*, 77 Ariz. 100, 267 P.2d 736, which cites certain earlier Arizona cases. Some of those cases deal with the situation where the Board attempted to make a change in its earlier award without any showing of a change in circumstances. We, of course, are not concerned here with that situation. Moreover, we call attention to the fact that the Arizona statute contains—or did contain—this sentence: "No increase or rearrangement shall be operative for any period prior to application therefor." See *Zagar v. Industrial Commission*, 40 Ariz. 479, 14 P.2d 472. In any event, we are persuaded that the better reasoning is found in cases like *Morisi v. Ansonia Mfg. Co.*, 108 Conn. 31, 142 A. 393; Fennessey's Case, 120 Me. 251, 113 A. 302; and *Pikutas v. Glen Alden Coal Co.*, 129 Pa. Super. 57, 194 A. 765.

We hold, therefore, that the Board has implied authority to make its original awards retroactive; we further hold that the Board has like authority with respect to a modification, with the possible exception of termination of compensation payable to an employee; and that, even in the case of this possible exception, the Board has the authority to make its order retroactive to the date of the application therefor. What it ought to do in any given case, including the present one, must depend upon the facts.

As has already been suggested, we do not condone the Board's refusal to enforce the last paragraph of § 2347. It is a part of the law which cannot be changed

by a continuing practice of ignoring it. If its provisions are unwise or unnecessary or if it imposes an unwarranted burden upon the Board, appropriate relief should be sought from the Legislature.

There is a suggestion in appellee's brief, as well as in the opinion of the Court below, that the employer, by its delay in making application for relief, should be estopped from receiving any such relief prior to the date of its application. This contention was not made before the Board and the reasons for the delay are not in the record. Accordingly, we do not see fit at this time to pass upon any question of laches or estoppel. If any contention be made by appellee along this line at the rehearing, it can be determined by the Board according to the proven facts. Should a further appeal be taken, the Court will then have the necessary foundation to pass upon that question.

The action of the lower Court in remanding the case is affirmed, but the order of the Court below will be modified to conform herewith.