**Earl SPEAR, Appellant-Claimant,**

v.

**BLACKWELL & SON, INC., Appellee-Employer.**

**BLACKWELL & SON, INC., Appellee-Employer,**

v.

**Earl SPEAR, Appellant-Claimant.**

Superior Court of Delaware.

New Castle.

June 21, 1966.

John A. Faraone, Wilmington, for claimant.

Richard I. G. Jones, Prickett & Prickett, Wilmington, for carrier.

QUILLEN, Judge.

The matter comes before the Court on appeal from the Industrial Accident Board.

The employee, pursuant to an agreement approved by the Industrial Accident Board in December 1949, had been receiving $25.00 per week for total disability. The insurer (hereinafter referred to as employer) on December 21, 1964 filed a petition requesting the disability be "decreased from total to partial".

The evidence shows and the Industrial Accident Board found that the employee is presently earning $36.00 a week. He gets

paid $1.00 per hour and works 6 hours a day, 6 days a week. The uncontradicted evidence also indicates that the employee has been earning this amount for sometime. He started work in January of 1960 but initially the work was only part-time, about 15 hours per week. The record does not show precisely when the employee began working a 36 hour week.

It was conceded by the employee that he is no longer entitled to the status of total disability. The question in this appeal is: When should the employee be placed on partial disability instead of total disability? The employee argues, and the Industrial Accident Board concluded, that his status should be changed as of December 21, 1964, the date the employer filed the petition in this matter. The employer, on the other hand, argues that the employee's status should be changed retroactively as of January 1960.

The order of the Industrial Accident Board "authorized and directed [the employer] to terminate compensation payments * * * for temporary total disability on December 21, 1964, the date on which their petition for Review of Compensation Agreement was filed". It further ordered the parties to "enter into a supplemental agreement as to compensation that [employee] shall receive compensation at the rate of $25.00 per week based upon an average weekly wage loss of $46.00 and that said compensation shall be payable from and including December 22, 1964 until terminate[d] or otherwise modified in accordance with the provisions of the Workmen's Compensation Law of the State of Delaware". From this ruling, the employer has appealed.

Both sides rely on the Supreme Court case of Kent General Hospital v. Blanco, Del., 195 A.2d 553 (Sup.Ct.1963) to support their positions. The employee argues that under *Blanco* the current petition is a petition to terminate compensation for total disability and that such termination cannot be retroactive beyond the date of the filing of the petition. The employer argues that the current petition is not a petition of termination but a petition to "decrease" the disability of the employee and thus the order should be retroactive to the date that the status actually changed. The Supreme Court in the *Blanco* case, supra, reversed the prior reported decision of this court. See Blanco v. Kent General Hospital, Del., 190 A.2d 277 (Super.Ct.1963). The Supreme Court held the Industrial Accident Board has implied authority to modify its orders retroactively in an application not amounting to a termination.

The pertinent law is found in 19 Del.C. § 2347 which reads in part:

"On the application of any party in interest on the ground that the incapacity of the injured employee has subsequently terminated, increased, diminished or recurred, or that the status of the dependent has changed, the Board may at any time, but not oftener than once in 6 months, review any agreement or award.

"On such review, the Board may make an award ending, diminishing, increasing or renewing the compensation previously agreed upon or awarded, and designating the persons entitled thereto, subject to the provisions of this chapter, and shall state its conclusions of facts and rulings of law. The Board shall immediately send to the parties, a copy of the award by personal delivery or by registered mail.

\* \* \* \* \* \*

"Compensation payable to an employee, under the provisions of this chapter, shall not terminate until and unless the Board enters an award ending the payment of compensation after a hearing upon review of an agreement or award, provided that no petition for review, hearing or an order by the Board shall be necessary to terminate compensation where the parties to an award or an agreement consent to the termination. No petition for review shall be accepted by the Board unless it is accompanied by proof that a copy of the petition for review has

been served by registered mail upon the other party to the agreement or award. Within five days after the filing of a petition for review, the Board shall notify each party concerned of the time, date and place scheduled for the hearing upon the petition.

"After the filing of a petition for review the compensation payable to an employee shall be paid by the employer to the Board. The Board shall retain the funds so paid until it enters an order upon the petition for review, after which it shall reimburse the employer or turn over the funds to the employee in accordance with the terms of the order."

I agree with counsel that the *Blanco* case controls. But it should be noted that the Supreme Court in *Blanco* did not, in fact, decide "the knotty problem of whether a Board may order a *termination* as of a date prior to the petition." Thus, if the present situation involves a "termination", the holding would be one of first impression for this court.

On the other hand, if the present situation, as the employer argues, does not involve a termination, then the "possible exception" to the general rule permitting retroactive orders would not come into play and the *Blanco* case could govern directly.

It is the opinion of the court that the Supreme Court decision in *Blanco* dictates a finding that no "termination" has occurred in the present case. The Supreme Court, at 195 A.2d 555, referring to the final two paragraphs of § 2347, quoted above, said the following:

"The two paragraphs quoted above expressly apply only to a termination; they have no application to other types of modification."

These two paragraphs are the ones which the Supreme Court found may create a "possible exception" to the general rule permitting retroactive orders.

The phrase "other types of modification" can only be understood in the context of the statute and particularly the first paragraph of § 2347. In that paragraph the various types of relief available are outlined. A party in interest may apply to the Board on the ground that the "incapacity * * * has subsequently terminated, increased, diminished or recurred, or that the status of the dependent has changed".

 I am of the opinion from the statutory context that a petition alleging that incapacity has "decreased from total to partial" is one alleging that incapacity has, in the language of the statute, "diminished". It is thus under the *Blanco* case one of the "other types of modification" and not a "termination". It seems to me that the contrary argument, which views payment for total disability as terminating and payments for partial disability commencing, is a rather awkward formalistic approach which ignores what has happened.

 In this case, the employee is to receive compensation both before and after the effective date of the order. The fact that two separate sections of law are involved does not seem to me to be important in view of the language of 19 Del.C. § 2347 which refers to the "provisions of this chapter" as a whole. While it is true that the weekly amount did not change in this case, the total amount to be paid after the order is limited, whereas before the order there was no limit. It is thus effectively diminished. I find that the order changing compensation from "total" to "partial" is an award "diminishing" compensation and not one "terminating" compensation.[1]

---

[1]. I recognize that the same policy considerations that make it desirable in a "termination" situation not to have an order retroactive beyond the date of filing of a petition for review may also be present in the case of "other types of modifi-cation". Indeed, it is even possible that a retroactive order, involving a modification, not a termination, could result in a decision that the employee has been overpaid and is indebted to the employer. The desirability of such a possibility may be

But the matter does not end with the above determination. The court has difficulty in this case ascertaining exactly what the Industrial Accident Board found. It is not clear from the language of the order below whether the Board felt it did not have the power to enter a retroactive order beyond the date of the filing of the petition for review, or whether the Board, as a discretionary matter, refused to make the effective date of the order retroactive prior to the filing of the petition for review. As indicated above, if the Board felt it did not have the power to enter a retroactive order beyond the date of filing, it erred. Notwithstanding the position taken by the employer, I do not feel that such error can be cured on this appeal for the following reasons.

While the *Blanco* case permits the Board through the use of its implied power to enter a retroactive order, it does not compel such a result merely because the facts indicate the employee's status changed at a time certain in the past. Rather, it is this Court's interpretation that the Supreme Court intended for the Industrial Accident Board to have discretionary power in regard to retroactive orders. This is implied by the Supreme Court's reference to "laches" in the *Blanco* case. Certainly some leeway must be available insofar as the period of retroactivity is concerned.

If the Board felt it did not have power to enter an order beyond the date of filing, it did not exercise its discretionary power and this failure to exercise its discretionary power is error requiring remand. Jacob Siegel Co. v. Federal Trade Commission, 327 U.S. 608, 66 S.Ct. 758, 90 L.Ed. 888 (1946). If, on the other hand, the Board as a discretionary matter refused to make the effective date of the order retroactive prior to the time of the

filing of the petition for review, it failed to give the reasons for so exercising its discretion.

■ An administrative agency with discretionary power cannot act arbitrarily or capriciously. Gunnip v. Lautenklos, 33 Del.Ch. 415, 94 A.2d 712, 716 (Ch.1953). Furthermore, the record must clearly show the basis on which the administrative agency did act in order that its exercise of discretion may be properly reviewed. Phelps Dodge Corp. v. National Labor Relations Board, 313 U.S. 177, 196–197, 61 S.Ct. 845, 85 L.Ed. 1271 (1941); Application of Plainfield-Union Water Co., 11 N.J. 382, 94 A.2d 673, 679 (1953). The present record is simply inadequate in this regard.

A subsidiary question is left hanging by the current state of the record. The brief for the employee argues that "the employer is estopped from requesting that termination be retroactive to January 1960 since it waited approximately 5 years from the time it first knew of claimant's part-time employment and the time it filed its petition." The same argument was made by the employee's counsel in his letter memorandum before the Industrial Accident Board where it is stated that the employer "had knowledge from 1961 of claimant's part-time employment". There is, however, nothing in the record to support these claims of knowledge on the part of the employer. Accordingly, in *the same manner as the Supreme Court in Blanco on the same question of estoppel, I decline to pass upon the question.* If any contention is made by the employee at the rehearing, the Board can determine the question according to the facts proved. Cf. Kent General Hospital v. Blanco, supra, at 195 A.2d 556. The dates involved dictate inquiry into this question.[2]

open to question. But, given the current statute as interpreted in the *Blanco* decision of the Supreme Court, the public policy which permits this result cannot be questioned by this court.

2. The *Blanco* case did not examine the law of estoppel within the context of retroactive orders under Workmen's Compensation Law. The relative burden and respective duty of employer and employee

Counsel for the employee has raised the further question that the Board failed to decide his application for counsel fee and he requested that the matter be remanded with a direction to the Board to make a finding on such application. It would appear that the Board effectively disposed of the counsel fee question by dismissing the employee's petition for "commutation of compensation payments". But, since the case must be remanded anyway, doubt can be eliminated by permitting counsel for the employee to re-apply to the Board for counsel fees on rehearing. The Board may take such action as it deems appropriate pursuant to 19 Del.C. § 2127.

■ The decision of the Industrial Accident Board terminating compensation payments to the employee for temporary total disability on December 21, 1964 is insufficient to permit a proper review and the cause is remanded for further proceedings and findings consistent with this opinion. It is so ordered.

in regard to retroactive orders is not clear. Absent fraud or a direct order from the Board, does the employee on total disability have a duty to report to the insurer or to the Industrial Accident Board when he starts working? Or does the whole duty fall upon the insurer to determine the status of the employee at the time of each payment? I do not decide these questions because they are not directly presented as part of the appeal and it is alleged that actual knowledge may exist in this case. Moreover, these questions are perhaps more appropriately ones for the Industrial Accident Board in the first instance. But it seems to me that this problem area necessarily arises as a result of the *Blanco* decision of the Supreme Court and will eventually face the Industrial Accident Board.