Charles H. McGLINCHEY

v.

PHOENIX STEEL CORP.

Superior Court of Delaware, New Castle.

June 15, 1972.

Harvey B. Rubenstein, Wilmington, for plaintiff.

Richard I. G. Jones, of Prickett, Ward, Burt & Sanders, Wilmington, for defendant.

OPINION

CHRISTIE, Judge.

This matter comes before the Court on appeal from that portion of a decision by the Industrial Accident Board (IAB) denying the plaintiff total disability benefits, pursuant to 19 Del.C. § 2324, from May 16, 1969 to March 15, 1971.

On January 21, 1969, Charles H. McGlinchey (plaintiff) sustained a personal injury arising out of and in the course of his employment with Phoenix Steel Corporation (defendant) when he was struck on his right hip and abdomen by a steel plate.

An agreement for the payment of total disability benefits, commencing January 22, 1969, was entered into by the plaintiff and the defendant's insurance carrier, American Mutual Liability Company. On the advice of the Corporation doctor, the plaintiff returned to work on April 21, 1969, but left his employment again three and one-half weeks later on May 15, allegedly due to his injury. On April 22, 1969, the plaintiff had signed a "final receipt" of payments indicating that his total disability had terminated as of April 20, 1969.

Almost two years later, on March 15, 1971, the plaintiff filed a petition for review of the Compensation Agreement with the Industrial Accident Board on the grounds that his total disability had continued or recurred as of the date he left work on May 15, 1969. A hearing on this petition was held before the Board on May 14, 1971. The Board's award of June 28, 1971 reinstated total disability benefits under 19 Del.C. § 2324 but made them effective only from and including March 15, 1971. The plaintiff appealed to this Court on account of the Board's failure to award total disability benefits for the period from May 16, 1969, when he says the continuing disability made it necessary for him to stop work, to March 15, 1971, when he finally filed for reinstatement of benefits.

■ The Industrial Accident Board has the discretionary power under appropriate factual circumstances to make an award of total disability benefits retroactive to the date when a claimant ceased to work due to an injury. In Kent General Hospital v. Blanco, 7 Storey 90, 195 A.2d 553 (1963), the Delaware Supreme Court specifically considered the retroactivity of workmen's compensation awards and said:

We hold, therefore, that the Board has implied authority to make its original awards retroactive; we further hold that the Board has like authority with respect to a modification, with the possible exception of termination of compensation

payable to an employee; and that, even in the case of this possible exception, the Board has the authority to make its order retroactive to the date of the application therefor. What it ought to do in any given case . . . must depend upon the facts. Kent General Hospital v. Blanco, *supra*.

See also Spear v. Blackwell & Son, Inc., 221 A.2d 52 (Del.Super., 1966); and Hitchens v. Paneltrol Co., 5156 Civil Action, 1971 (an unreported letter opinion by Superior Court Judge Quillen, dated January 24, 1972).

In its decision of June 28, 1971, the Board did not mention its discretionary power to grant such benefits retroactively. Instead, the Board seemed to indicate that it could award benefits only as of March 15, 1971, by stating:

The Board may set aside a final receipt if they believe that the carrier has been guilty of fraud or has taken unfair advantage of the claimant. (See Mamie Peters vs. Delaware Coach Company, Superior Court 1970). The record in this case shows that the insurance company has not been guilty of such conduct. Therefore, any total disability under Section 2324 may only begin as of the date of the claimant's petition, March 15, 1971. (Industrial Accident Board, June 20, 1971, Hearing No. 445987).

■ As a general rule, total disability, once established, continues until the employer is able to show the availability of regular employment within the employee's capabilities. Bigelow v. Sears, Roebuck & Company, 260 A.2d 906 (Del.Supr., 1969); and Ham v. Chrysler Corporation, 231 A.2d 258 (Del.Supr., 1967). After a voluntary termination of total disability benefits, however, the burden is on the injured claimant to establish his right to additional benefits. See also Peters v. Delaware Coach Company, 5184 Civil Action, 1969,

(unreported letter opinion by Superior Court President Judge Stiftel, dated October 2, 1970). In the present case, after the Board decided that the final receipt was valid, the burden was on the claimant to establish that his disability was in fact a continuance or recurrence of the disability suffered as a result of the January 21, 1969, accident. By awarding total disability benefits to begin as of the date of the application, the Board determined that the plaintiff had met his burden of proof The Board's use of the existence of a final receipt, signed by the claimant and containing an indication that as of that time the disability had terminated, as the sole ground for denying benefits for a period prior to filing the petition, was error under the circumstances.

■ In Norma Jean Wade v. M & M, Inc., decided by the Industrial Accident Board on September 20, 1971, the Board referred to its award in this case and said:

The Board has the power to make an award of total disability retroactive if it believes warranted by the evidence. (See, Blanco vs. Kent General Hospital [Del.Super.], 190 A.2d 277, 1963). The case of McGlinchey versus Phoenix Steel Corporation cited as a contra-authority is not dispositive of this issue since the Board now realizes, unfortunately, the use of the confusing language in that opinion. What had been the Board's intention in McGlinchey was to penalize the claimant's excessive delay in filing his petition, a form of laches.

The Delaware Supreme Court, in Kent General Hospital v. Blanco, *supra,* had noted the suggestion in the appellee's brief that "the employer, by its delay in making application for relief, should be estopped from receiving any such relief prior to the date of its application". The Court commented on this suggestion:

This contention (that the doctrine of estoppel or laches should be applied) was not made before the Board and the reasons for the delay are not in the record. Accordingly, we do not see fit at this time to pass upon any question of laches or estoppel. If any contention be made by appellee along this line at the rehearing, it can be determined by the Board according to the proven facts. Should a further appeal be taken, the Court will then have the necessary foundation to pass upon that question. (Kent General Hospital v. Blanco, supra).

See also Spear v. Blackwell & Son, Inc., *supra,* 221 A.2d at 55. While the doctrine of laches or estoppel may be a ground to deny the award of benefits retroactively, the discretion of the Board must be exercised in light of enunciated standards and facts established in the record. In the present case, counsel did not specifically refer to the doctrine of laches or estoppel in argument before the Board as a ground for denying benefits retroactively and the question was not raised independently by the Board nor mentioned in its decision. No reasons for the delay in filing the petition for review are given in the record and claimant was not given adequate notice that this was an issue.

■ In reviewing decisions of the Industrial Accident Board, the function of the Superior Court is to determine whether there is substantial evidence to support the Board's findings. 19 Del.C. § 2350; Johnson v. Chrysler Corporation, 9 Storey 48, 213 A.2d 64 (1965); M. A. Hartnett, Inc. v. Coleman, 226 A.2d 910 (Del.Supr., 1967). There are no facts in the record to support the Board's exercise of its discretion other than an unexplained delay in filing the claim. Due process requires that a more complete record be made on this issue. The decision of the Industrial Accident Board is reversed and remanded for further hearings consistent with this opinion.

It is so ordered.