**STATE FARM MUTUAL AUTOMOBILE IN-SURANCE COMPANY, a corporation of the State of Illinois, Plaintiff,**

**v.**

**H. Jackson HALE et al., Defendants.**

Court of Chancery of Delaware, New Castle.

Sept. 22, 1972.

William Prickett, of Prickett, Ward, Burt & Sanders, Wilmington, for plaintiff.

Robert W. Ball, Deputy Atty. Gen., Wilmington, for defendants.

SHORT, Vice Chancellor:

This is a statutory appeal under 18 Del. C. § 333 by State Farm Mutual Automobile Insurance Company ("State Farm") from the findings and order of Robert A. Short, Insurance Commissioner ("Commissioner") dated April 10, 1970. State Farm has moved for summary judgment and the Attorney General has filed a cross motion to remand the case to the Commissioner for the purpose of completing the record under 18 Del.C. § 333(h).

The case arose out of a dispute between H. Jackson Hale and State Farm over the amount of a claim submitted by Hale for loss of use of an automobile. Hale's car had been damaged on July 18, 1969 by State Farm's insured, who was concededly responsible for the accident. When State Farm offered Hale considerably less than his actual expenses for car rental while his own car was being repaired Hale engaged an attorney and filed suit against State Farm's insured in Magistrate's Court. State Farm then offered to settle for the original amount of Hale's claim but refused to pay his attorney's fees. Hale telephoned the Insurance Commissioner and made an oral complaint alleging that State Farm had refused to pay a valid claim and had forced him to incur unnecessary legal fees.

The Commissioner investigated this complaint and on February 19, 1970, issued an order to show cause, as amended on Febru-ary 26, 1970, alleging that State Farm had violated § 520(b)(1), (2) of the Delaware Insurance Code by failing to settle a claim "without apparent justification," and ordering a hearing pursuant to 18 Del.C. § 327(a). At the hearing, held on March 11, 1970, the hearing examiner, Lewis Darlin, broadened the inquiry to include State Farm's general policy regarding claims for loss of use. Testimony was taken both on State Farm's handling of Hale's claim and on its general policy regarding these claims. At this time, the case before the Magistrate's Court was still pending. The hearing officer, through an inquiry made subsequent to the hearing, determined that the suit was settled for approximately the original sum claimed by Hale.

In his findings and order the Commissioner made no express finding that State Farm had violated § 520(b)(1)(2). He did, however, find that State Farm

"15. . . . admits to no basic policy whatever regarding reimbursement for loss of use of an automobile. It is required that an insurer in this State shall handle claims in such a manner as to evidence good faith in relation to its contractual obligations and not ignore the legal rights of a claimant. Here, Respondent conveniently imposed upon itself the problem of treating an automobile as a special sort of chattel to which ordinary rules do not apply. No justification can be found for this special status. It is well-settled law in this State that the tort-feasor shall make the injured party whole."

He further found that

"16. When a duly authorized insurer files its rating plan with the Commissioner, it must indicate, among other things, the character and extent of coverage contemplated. Notice is taken that the filings and forms of Respondent pertaining to this matter are not interpreted to contain any exceptions to the general law of this State. Therefore, there is no basis for Respondent to take the position

and effect the policy it has generally admitted to."

The Commissioner concluded that State Farm's failure to confirm its practices concerning loss of use claims to its filings, required to be submitted to the Insurance Commissioner under 18 Del.C. § 2504(a), constituted a violation of that section. His order imposed a penalty of $250, citing both § 520(b)(1)(2) and § 2530(a) (the penalty provision for § 2504(a)), and also ordered State Farm to adjust its claims-handling methods and establish policy to comply with its filings.

Section 520(a) provides for a maximum of a $5,000 fine for violation of those sections of the Code where revocation of an insurer's certificate of authority is not mandatory. Section 2530(a) provides for a maximum fine of $200 for failure by an insurer to conform to its filings, or $500 if the violation is found to be wilful.

The Insurance Commissioner is charged with enforcing the provisions of the Insurance Code and he has the powers expressly vested in him by, or reasonably implied from, the provisions of the Code. 18 Del. C. § 313 (1968). State Farm, in support of its motion for summary judgment, raises important questions about the scope of those powers, and the procedural and evidentiary rules under which they must be exercised. Specifically, it challenges the statutory and constitutional authority of the Commissioner, in the context of a quasi-judicial hearing for a violation of the Code, to collaterally make a determination of tortious liability and extent of liability when that issue is pending before a court of law. State Farm also challenges, on due process grounds, the adequacy of the notice given to charges pending against it and the consideration by the hearing examiner of information outside the record. On purely legal grounds, it challenges the hearing examiner's consideration of evidence inadmissible under formal rules of evidence.

The present Insurance Code was enacted in 1968, 56 Del.L. Ch. 380, and the Commissioner's experience in enforcing the provisions in question has been minimal. Few hearings have been held under the procedures of §§ 327–332. There have been no reported decisions either defining the basic procedural requirements or interpreting the penalty provisions upon which the Commissioner here relies. Thus, the scope of the Commissioner's power to protect the public interest, and the procedures under which he must operate, will be substantially defined by the resolution of the issues State Farm poses. To decide such important issues the court should have the benefit of a clear, complete and unambiguous record. The record here does not meet these standards. I find that the case should be remanded before a decision on the merits to give the Commissioner an opportunity to complete and clarify the record.

■ Granting the Attorney General's motion to remand to complete the record at this juncture is clearly within the court's discretion. It is familiar appellate practice to remand causes for further proceedings without deciding the merits, where justice demands that course in order that some defect in the record may be supplied. Ford Motor Co. v. N.L.R.B., 305 U.S. 364, 373, 59 S.Ct. 301, 83 L.Ed. 221 (1939). The procedure requested here is remarkably similar to that approved by the Supreme Court in *Ford*. There the Board had moved to have the case remanded in order to cure procedural defects and to make new findings based on a reconsideration of the entire case. The Supreme Court held that there was nothing

"  .  .  .  in the principles governing judicial review of administrative action, which precludes the court from giving an administrative body an opportunity to meet objections to its order by correcting irregularities in procedure, or supplying deficiencies in its record, or making additional findings where these are neces-

sary, or supplying findings validly made in the place of those attacked as invalid." Ford Motor Co. v. N.L.R.B., 305 U.S. at 375, 59 S.Ct. at 308.

Section 333 of the Insurance Code granting this court appellate jurisdiction does not limit this power; on the contrary, it is expressly recognized. Section 333(h) grants the court discretionary power to remand any case to the Insurance Commissioner before judgment "upon a sufficient showing" for the "purpose of taking additional testimony or other proceedings." I am convinced that a sufficient showing has been made on two grounds which warrant the remand requested by the Attorney General.

First, it is unclear from the record how many sections of the Insurance Code the Commissioner found State Farm had violated. The order to show cause alleged that State Farm violated § 520(b)(1)(2) by failing to pay a claim without just cause. At the hearing testimony was taken on that issue and also on the issue of whether its policy regarding loss of use conformed to the filings required by § 2504(a). In his findings and order of April 10, 1970 the Commissioner made an express finding under § 2504(a) and language in the Commissioner's ruling on State Farm's objection challenging the Commissioner's right to hold the hearing indicates that he was relying solely on that section. However, the Commissioner's order relied both on § 520(b)(1)(2) and on § 2530(a), the penalty section for § 2504(a), and imposes a fine in excess of the statutory maximum permitted under § 2530(a), there being no finding of wilful violation.

■ Clearly the court cannot be required to guess at the theory underlying an agency's action. S.E.C. v. Chenery Corp., 332 U.S. 194, 195, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995, reh. denied 332 U.S. 783, 68 S. Ct. 26, 92 L.Ed. 367 (1947). The orderly functioning of the process of review requires that the grounds upon which the ad-

ministrative agency acted be "clearly disclosed and adequately sustained." S.E.C. v. Chenery Corp., 318 U.S. 80, 94, 63 S.Ct. 454, 87 L.Ed. 626 (1943); Application of Plainfield-Union Water Co., 11 N.J. 382, 94 A.2d 673, 679 (1953). The court must be able to determine whether the evidence supports the findings of fact, and those in turn support the conclusions of law. The requirement that the record clearly show the basis for an administrative act has been explicitly recognized in Delaware. Barnes v. Panaro, 238 A.2d 608 (Del. Supr.1968); Application of X-Chequer Inn, Inc., 229 A.2d 22 (Del.Super.1967); Spear v. Blackwell and Son, Inc., 221 A.2d 52 (Del.Super.1966). Here the court cannot determine whether or not the Commissioner found a violation of § 520(b)(1) (2); neither can it find that his findings of fact support such a violation. This defect can be cured on remand.

The second defect warranting remand is the Commissioner's failure to include in the record State Farm's filings. "Notice" was taken by the Commissioner of these filings and they were interpreted not to permit State Farm's loss of use policy. Commissioner's Findings, ¶16, *supra*. The propriety of the Commissioner's interpretation can be tested only by a review of the filings. Remand will permit their inclusion in the record.

■ State Farm contends that it would be prejudiced by a remand in that it is entitled to a reversal as a matter of law on the question of the Commissioner's power to decide an issue pending before a court of law; thus, it argues the remand is unnecessary. There is no merit in this position. I do not understand State Farm to contend that any section of the Code on which the Commissioner has relied is void on its face. State Farm does contend that the Commissioner has exceeded his power in enforcing the Code. That issue can only be resolved when it is clear what violations the Commissioner has found and on what grounds those findings are based.

I see no need to consider at this time the other procedural and evidentiary objections raised by State Farm. On remand the Commissioner is free to consider the errors assigned by State Farm, and to correct those which he finds have merit. Ford Motor Co. v. N.L.R.B., 305 U.S. 364, 375, 59 S.Ct. 301, 83 L.Ed. 221 (1939).

The motion of the Attorney General is granted and the case is remanded to the Commissioner with directions to complete and clarify the record in accordance herewith.

The motion of State Farm for summary judgment is denied.

An appropriate order may be submitted on notice.