**RICE'S BAKERY**

v.

**Gerald ADKINS.**

Superior Court of Delaware,
New Castle.

Jan. 5, 1970.

William J. Alsentzer, Wilmington, for Rice's Bakery.

Joseph T. Walsh, Wilmington, for Gerald Adkins.

QUILLEN, Judge.

This matter comes before the Court on appeal by the employer from the Industrial Accident Board.

On June 7, 1961, the appellee Gerald Adkins sustained a personal injury arising out of and in the course of his employment as a driver-salesman for the appellant, Rice's Bakery. The accident resulted in a prolonged period of back difficulty which subsequently required two operations. The first was a laminectomy and spinal fusion performed in April 1962. A second spinal fusion was performed in May 1963.

An agreement was entered into on July 28, 1961 between Maryland Casualty Company, the employer's insurance carrier, and the appellee, which provided compensation for total disability at the rate of $50.00 per week based upon an average weekly wage of $78.84. The Board approved the agreement on August 2, 1961. Compensation was paid from June 8, 1961 until February

5, 1964, the effective date of a subsequent agreement entered into by the parties on May 25, 1964.

The second agreement provided compensation for partial disability at the rate of $50.00 per week based on an average weekly wage of $78.84 and was payable for 150 weeks. The disability was measured at 50% and the payments were to begin as of February 5, 1964. This agreement was approved by the Board on July 15, 1964. Under this agreement the appellee received $7,500.

On February 6, 1968, the appellee petitioned to have the second agreement reviewed on the ground that his incapacity for work had subsequently "become permanent and total". The petition was filed pursuant to the provisions of 19 Del.C. § 2347 which provides for such a review if the incapacity "has subsequently terminated, increased, diminished or recurred". Appellee asserted that his condition had deteriorated since the May 15, 1964 agreement and he sought an award for total disability.

The Board's findings were as follows:

(a) a preponderance of competent medical testimony established that Gerald Adkins is still totally disabled; [1]

(b) psychiatric treatment be started as soon as possible and that Maryland Casualty Company bear the cost for such treatment;

(c) the case to be reviewed six months after the date of this award to determine the effects of psychiatric treatment in terms of whether or not he remains to be totally disabled.

The Court assumes that the Board's finding of total disability is based on the fact that the disability arose as a result of the June 7, 1961 accident. Though not articulated, this assumption is implicit in the order of the Board in favor of appellee requiring the employer's insurer to make total disability payments and pay the cost of psychiatric treatment.

Courts are occasionally handicapped in reviewing compensation cases because the record contains an inadequate statement of its findings. Under 19 Del.C. § 2345, the Board is required to "state its conclusions of facts and rulings of law." See LeTourneau v. Consolidated Fisheries Co., 4 Terry 540, 51 A.2d 862 (Del.Super.1947). This is not a purely formal matter. Without an adequate statement of finding of fact, the orderly process of administrative review suffers because the reviewing Court cannot properly exercise its function. Barnes v. Panaro, 238 A.2d 608 (Del.1968). See also Spear v. Blackwell & Son, Inc., 221 A.2d 52 (Del.Super.1966).

In the present case, there is no dispute as to whether the appellee is totally disabled. The issue is what caused the disability.

It would appear from the rulings of the Board that it concluded that appellee's total disability was caused by personality disorders and not of orthopedic origin. This is evidenced by the order for psychiatric treatment and a review in six months for the purpose of determining the effect of the treatment on their present finding of total disability.

■ In reviewing decisions of the Industrial Accident Board, the function of the Court is to examine whether there is "substantial evidence" to support the Board's findings. M. A. Hartnett, Inc. v. Coleman, 226 A.2d 910 (Del.1967). The Court finds that there is no "substantial evidence" to support a causal connection between the June 7, 1961 accident and the

---

[1.] The appellant suggests the word "still" in this finding precludes the relief since it does not indicate a subsequent increase in disability. The Court feels the suggestion is without merit and the word "increased" in the statute must be in reference to the existing agreement. The statute should not be interpreted to perpetually bind an employee to an agreement not consistent with the medical facts.

personality disorders apparently found by the Board.

It is interesting to note that the psychiatric issue was injected by the employer as a defense. The appellant offered two witnesses in support of its position that mental disorders and not orthopedic causes caused the resulting total disability.

Dr. King testified that he found the appellant totally disabled but could not attribute it to orthopedic causes. He believed that the disability resulted from mental disorders. He further stated that he had no opinion as to whether the mental disorders resulted from the June 7, 1961 accident. Thus, he failed to supply the causal link.

Dr. Kester, a psychiatrist, testified that the appellant had great dependency needs and that such symptoms without an organic basis could be sustained on a need for dependency gratification. He also believed that there was no correlation between the accident and the personality disorder and concluded that the appellee had a personality that would sustain psychosomatic back pain. Dr. Kester's testimony was based on a one hour interview the day before the Board hearing and he assumed that organic illness was not a factor.

These two witnesses supplied the only evidence of psychiatric problems. Dr. King had no opinion as to the relationship between the accident and the mental disorders. Dr. Kester after an admittedly brief interview believed that there was no correlation between the accident and the resulting personality disorder but assumed there was no organic illness.

For these reasons, the Court must conclude that none of the testimony offered as to the appellee's mental condition would support a finding that the accident caused the psychiatric disorders. Such "functional" injuries are only compensable if they are a direct and natural result of the accident. Fiorucci v. C. F. Braun & Company, 4 Storey 79, 54 Del. 79, 173 A.2d 635 (1961). There is no testimony to support a finding that the psychiatric disorders were either a direct or a natural result of the accident. Proof is required; conjecture is insufficient.

Appellee's argument to the Board requested a finding that he was totally disabled as a result of the June 7, 1961 accident by reason of his orthopedic injuries. The deposition of Dr. Anderson indicates that after some doubts, he concluded that the appellee was totally disabled for orthopedic reasons as a result of the accident. This conclusion was based on two examinations and a period of hospitalization where Dr. Anderson had an opportunity to thoroughly examine the appellee. There was thus a conflict in the expert orthopedic opinions.

The Board made no finding as to whether the appellee was totally disabled as a result of orthopedic injuries independent of any psychiatric disorders. The Court believes that the Board should have specifically made this determination. Thus, at the very least, the case should be remanded for a determination of whether or not the total disability resulted from orthopedic causes from the June 7, 1961 accident. As noted above, the mental aspects of this case developed unusually as a matter of defense. The evidence was apparently prepared at the last minute before the hearing. In view of the developments, it may be that the employee on remand may want to reopen the mental aspect of the case and present his own evidence in that regard. Indeed, it may not be desirable to isolate the orthopedic problems from the psychiatric problems. In view of these factors, and in view of the statutory six month review policy, the Court will simply remand the case generally for further proceedings. This will permit either side to relitigate any matter or raise any new matters on current medical evidence.

Pursuant to 19 Del.C. § 2350(b) the award of the Industrial Accident Board is vacated and the cause remanded for a rehearing consistent with this opinion. It is so ordered.