**Ernest DUFF, Employee-Appellant,**

**v.**

**CHRYSLER CORPORATION, Employer-Appellee.**

Superior Court of Delaware, New Castle.

Dec. 20, 1972.

Oliver V. Suddard, Wilmington, for employee-appellant.

Carl Schnee, Tybout, Redfearn & Schnee, Wilmington, for employer-appellee.

## OPINION

O'HARA, Judge.

Employee, Ernest H. Duff ("claimant"), was hurt in an industrial accident that occurred on September 19, 1969, when a car bumper fell and hit him on the head. As a result of the accident, the Industrial Accident Board ("Board") found claimant to be totally disabled in accordance with the Workmen's Compensation Laws of the State of Delaware. On November 20, 1970, the Chrysler Corporation ("employer"), filed a petition to terminate disability. A hearing was held on June 25, 1971, and the Board granted employer's petition. Claimant is now before this Court to appeal the termination of his total disability compensation.

The first issue before this Court is whether there was substantial competent evidence upon which the Board could terminate the claimant's total disability compensation. That is, in a case where total

disability compensation was rightfully given by the Board,[1] did the employer meet its burden of proof necessary to terminate the total disability compensation?

█ It is well settled law that once total disability is established by the Board, it continues until the employer is able to meet its burden of proof, that is, the employer must show the availability of regular employment within the employee's capabilities. Bigelow v. Sears, Roebuck & Company, 260 A.2d 906 (Del.Supr.1969); Huda v. Continental Can Company, Inc., 265 A.2d 34 (Del.Supr.1970); Governor Bacon Health Center v. Helen M. Noll, Civil Action No. 5280, 1971 (Del.Super.1972—As yet unreported opinion of Judge Andrew D. Christie dated November 13, 1972). In the instant case to terminate total disability compensation, there was no showing by the employer of proof that there was regular work available to claimant within his capabilities. The employer has, therefore, not met its burden and there is insufficient evidence upon which total disability compensation can be terminated.

The employer raises the issue of the "odd lot" or "displaced" worker. The employer urges that in this case the claimant is not a "displaced" worker and it does not have the obligation or burden to show the availability of regular work within claimant's capabilities.

In 1967, the Supreme Court of Delaware delivered two opinions that defined the concept of "total disability" and the doctrine of the "displaced" worker. In M. A. Hartnett, Inc. v. Coleman, 226 A.2d 910 (Del.Supr.1967), the Court set out to define the term "total disability", as used in the Delaware Workmen's Compensation Law, 19 Del.C. § 2324, as "a disability which prevents an employee from obtaining employment commensurate with his qualifications and training . . . The

term means such disability that the employee is unable to perform any services 'other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist' ".

The Supreme Court just a few months later in Ham v. Chrysler Corporation, 231 A.2d 258 (Del.Supr.1967), defined, in similar terms, the "displaced" worker as "a worker who, while not completely incapacitated for work, is so handicapped by a compensable injury that he will no longer be employed regularly in any well known branch of the competitive labor market and will require a specially-created job if he is to be steadily employed". It is apparent from these definitions that a person who is found to be totally disabled also falls quite naturally within the definition of the broader category of "displaced" worker.[2] The Supreme Court's intent to include a totally disabled person within the category of "displaced" worker is revealed not only by the similarity in definitions of these terms in these two opinions that were delivered within a few months of each other, but by the fact that in *Ham* the court specifically points out that it approved the doctrine of the "displaced" or "odd lot" worker in *Hartnett*. Also it should be noted that much of the language used in *Hartnett* to define "total disability" is taken from the case of Lee v. Minneapolis St. Ry. Co., 230 Minn. 315, 41 N.W.2d 433 (1950), which is considered a leading American case in defining the "odd lot" or "displaced" worker doctrine. 2 Larson's Workmen's Compensation Law, § 57.51.

█ Another indication that the totally disabled worker is included within the bounds of the doctrine of the "displaced" worker is that whether a claimant is a "displaced" worker or has been found by the Board to be totally disabled, the burden

---

1. Here, total disability compensation was awarded by the Board on October 28, 1970.

2. The "displaced" category is not limited to just those who have been awarded total disability compensation. The "displaced" worker concept is broader than the concept of "total disability".

of proof necessary for the employer not to have to compensate the claimant is the same. The burden of the employer being that it must show the availability of regular work within the employee's capabilities. See Bigelow v. Sears, Roebuck & Company, supra; Huda v. Continental Can Company, Inc., supra; Ham v. Chrysler Corporation, supra; Governor Bacon Health Center v. Helen M. Noll, supra.

In this case there is little doubt that claimant is "displaced". Claimant had been justly awarded total disability compensation and his condition has not substantially changed since the total disability award. In fact, claimant is restricted to light work and cannot do the type of work he did prior to the accident. Furthermore, claimant's employer refused to rehire him even after claimant's physician wrote asking the employer to reemploy claimant. The Court, therefore, finds the claimant to be "displaced" and on this basis the employer has not met, by its own admission, the requisite burden of proof.[3]

It should be noted that contrary to the suggestion by the employer in this case, it is not the burden of the claimant to introduce testimony at the hearing as to his "work background, training, etc.," since the Board had previously awarded claimant total disability compensation. Indeed, since the employer is seeking to terminate the award of total disability compensation, it is the employer's burden to show that *claimant's capabilities* are such that regular work is available to claimant. Abex Corporation v. Brinkley, 252 A.2d 552 (Del.Super.1969). This burden of proof does not shift even where the claimant sought work with his former employer unsuccessfully and did not seek work anywhere else. Ham v. Chrysler Corporation, supra.

Although it is not essential to discuss a second issue raised in this case for a determination of this case, the Court feels it would be beneficial for it to make a brief exposé as to this second issue. The second issue set forth is whether the Board's findings are sufficient. The findings related that the Board

"note[d] that the claimant's treating physician Dr. Cucuzzella, in effect gave up on his patient on February 19, 1971, since the Doctor believed there was nothing else he could do for the claimant. *Based on this and considering the total record made at this and the prior hearing, we are terminating the compensation to the claimant as of the same day, February 19, 1971.*" (Emphasis added.)

By statute, the Board is required to state its conclusion of fact and rulings of law. 19 Del.C. § 2345. See Le Tourneau v. Consolidated Fisheries Co., 4 Terry 540, 51 A.2d 862 (Del.Supr.1947). Here the Board bases its opinion to a considerable extent on "the total record made at this and the prior hearing". Such a broad and unspecific finding deprives the Court of determining whether the law was properly applied to the facts. The Court is, indeed, handicapped in reviewing this case since there is an inadequate statement of findings. "Without an adequate statement of findings of fact, the orderly process of administrative review suffers because the reviewing Court cannot properly exercise its function". Barnes v. Panaro, 238 A.2d 608 (Del.Supr.1968); Rice's Bakery v. Adkins, 267 A.2d 461 (Del.Super.1970). The Court should not be compelled to speculate or make assumptions as to what facts are the basis of the Board's determination. Barnes v. Panaro, supra. Thus, in addition to there being insufficient competent

---

3. These circumstances differ from James C. Orth v. Chrysler Corporation, Civil Action No. 5075, 1969 (Del.Super.1969—Unreported opinion of Judge Andrew D. Christie dated December 10, 1969), since the burden of proof in that case was met in that the employer offered claimant a regular job within claimant's capabilities which claimant refused.

evidence to support the Board's findings, the form of the findings in this case is such that it is inadequate and would require the case to be remanded. The Board must be sure to state its conclusion of fact and rulings of law specifically and adequately.

Having concluded that the employer's burden of proof has not been met, there being insufficient evidence to support the Board's finding that claimant's total disability has terminated, the Court concludes that the decision of the Board should be reversed.

It is so ordered.