Donald **MARTEL**

v.

**UNITED STATES GYPSUM COMPANY**
**and/or American Motorists Insurance Company.**

Supreme Judicial Court of Maine.

Dec. 11, 1974.

Berman, Berman & Simmons by Robert Laskoff, Jack H. Simmons, Lewiston, for plaintiff.

Richardson, Hildreth, Tyler & Troubh by Robert L. Hazard, Robert E. Noonan, Portland, for, defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WEATHERBEE, Justice.

In this Workman's Compensation case involving a Petition for Review of Inca-pacity and a Petition for Award of Vocational Rehabilitation, a Commissioner of the Industrial Accident Commission issued companion decrees in favor of Mr. Martel, the employee. The employer, U.S. Gypsum Company, together with its insurance carrier, American Motorists Insurance Company, presented certified copies of the decrees to the Clerk of Courts for Androscoggin County, and a Justice of the Superior Court properly rendered a Pro Forma Decree. From this decree, the employer and its carrier, together as Appellants, have duly filed an appeal.

Mr. Martel, an employee of U.S. Gypsum Company on February 26, 1973, sustained an injury to his lower back lifting a heavy log during the course of his employment. Subsequent to that event, Mr. Martel and Appellants reached an agreement regarding compensation for a continuing disability (total incapacity) resulting from the injury, and that agreement was properly filed with the commission and approved by the Commissioner of Labor and Industry in accordance with 39 M.R.S.A. § 94.

On May 30 of the same year, the employer and its carrier petitioned for Review of Incapacity as provided for in 39 M.R.S.A. § 100. Five days later, Mr. Martel petitioned for Award of Vocational Rehabilitation under 39 M.R.S.A. § 94. Both petitions were heard before a Commissioner of the Industrial Accident Commission. On the basis of testimony offered during that hearing by the employee, by two doctors, and by a Vocational Rehabilitation counsellor of the Industrial Accident Commission, the Commissioner determined that the employer and its carrier had not met their burden of proof under the law. He issued a decree dismissing the Petition for Review and "for the same reasons and upon the same facts as outlined therein" he ordered that Mr. Martel be given vocational rehabilitation. It is primarily on the basis of the Commissioner's conclusion regarding the burden of proof in the Petition for Review of Incapacity that the employer and its carrier appeal.

*The Employer's Petition*

On appeal, the employer now urges us that the Commissioner based his decision on the employer's petition upon an erroneous rule of law with a resulting erroneous conclusion that the employer had failed in its burden of proof.

The Commissioner ruled that the burden of proof in an employer's Petition for Review of Incapacity is as enunciated in the Delaware Superior Court case of Duff v. Chrysler Corp., Del.Super., 301 A.2d 309 (1972). The *Duff* Court held that once total disability has been established (as it had been here) it continues until the employer has proved that the employee has regained some work capacity and that there is regular employment available to a person within the employee's area of residence and within the employee's capabilities. 301 A.2d at 311. In his decree the Commissioner wrote that he applied the *Duff* rule to the facts before him and found that the employer had "failed to meet its burden of proof."

We agree with the employer that the Commissioner applied an erroneous rule of law. We described the burdens of proof in an employer-petitioner's Petition for Review of Incapacity in Connelly's Case, 122 Me. 289, 119 A. 664 (1923) in these words:

"When a petitioner for review has shown an ability to do such work as is ordinarily available in the community in which the injured employee resides, and the kind of work suggested by the physician testifying in this case was 'driving a team or working around a place', he has sustained the burden upon him as the moving party in a petition of the kind now before us. It then, we think, becomes the burden of the employee to meet this by showing he has used reasonable efforts to obtain such work, and failed by reason of his injury. [Citation omitted.]

If he fails to use reasonable efforts to find work such as he could perform, or insists that he could not perform it, if available, no burden rests upon the petitioner to offer him work or to prove that some particular work is available which he could perform." 122 Me. at 292, 293, 119 A. at 666.

We re-examined *Connelly's Case* in Pelchat v. Portland Box Co., Inc., 155 Me. 226, 228, 153 A.2d 615, 617 (1959). We reaffirmed the *Connelly* principle but added that the *Connelly* Court was recognizing, although not articulating, a distinction between a burden of proof and a burden of going forward with the evidence. The employer-petitioner's burden of proof, we concluded, was to demonstrate that the employee now had a work capacity which, although it might be limited, would enable him to do a kind of work which is ordinarily available in the community. In Pelletier v. Pinette, Me., 259 A.2d 25 (1969), we examined a record that disclosed convincing evidence that the employee had regained some work capacity and said, following the rationale of Pelchat v. Portland Box Co., Inc., supra:

"At that point it became the responsibility of the employee to come forward with evidence, if any there was, that he had used reasonable efforts to obtain the kind of work for which the physician had found him capable, and that he had failed by reason of his injury or because there was no such work available in the area in which he lived." 259 A.2d at 26.

While it is clear in the case now before us that the Commissioner applied an incorrect rule of law, we must analyze the record and decree to determine, if we can, whether that incorrect application prejudicially affected the Commissioner's result or whether the error was harmless.

Both under our accepted rule *and* under the *Duff* rule, the employer has the burden of proving that the employee has recovered some work capacity. Under our own rule,

if the employer satisfies this burden, then it becomes the burden of the employee to come forward with evidence of his reasonable but unsuccessful efforts to secure work. Under *Duff*, on the other hand, the *employer* has the additional burden of showing "the availability of regular employment within the employee's capabilities." 301 A.2d at 311. In order to find that the error of the Commissioner in applying *Duff* was harmless, we must find that the parties satisfied their respective burdens under our rule. That requires an initial determination of the meaning of the Commissioner's finding that the employer failed to satisfy his burden of proof and then it requires a determination of whether it is implicit from the record that the Commissioner found that the employee made reasonable efforts to secure work, and failed either by reason of his incapacity or by reason of unavailability of work. The Commissioner said only that the employer "had failed to meet its burden of proof." Unfortunately, he did not say *in what area* of this burden of proof the employer had failed.

Although he applied the wrong test over all, the Commissioner correctly gave the employer the burden of proving that the employee had recovered some work capacity. Since both under our rule and under *Duff*, the employer has the burden of proving the employee's recovery of some work capacity, we know the Commissioner correctly assigned that burden to the employer. Our task in evaluating the Commissioner's decree as it relates to the employee's present capacity to work is complicated by the Commissioner's failure to make adequate findings of fact.[1] Early in his decree he stated:

"[I]t is found as a fact that the employee's walking bothered him, and that

he has cramps when he stands or sits too long and that he is unable to lift objects of any significant size or weight."

But saying, "The following facts are found from the medical testimony", the Commissioner went on to "find as fact" only that the medical experts testified thus and so. Such "findings" are of little help to us or to the Appellant as we know from the record that the medical experts testified thus and so. What we need to know is what parts of this medical testimony the Commissioner accepted as fact after making his face-to-face evaluations as to the witnesses' veracities, memories and medical judgments.

However, the Commissioner said that there was "no substantial difference between the testimony of Dr. Parisien and Dr. Green as to [present] work capacity", and as both *did* testify that the employee had capacity to do some "light work",[2] we feel safe in concluding that he felt that while the employee could no longer do work involving heavy lifting, as he had formerly done, he had recovered some limited work capacity. As such types of employment are *usually* available in the community, we are satisfied that the Commissioner concluded—and with justification—that the employer had met the first part of its burden of proof—the part which the Commissioner correctly gave it.

Therefore, the Commissioner, having applied the *Duff* rule, must have concluded that the employer had failed to prove such work *was* available to the employee in spite of his limited capacities. But the Commissioner was in error in giving the employer *this* burden of proof.

As we have explained, under our long accepted rule the employee at this point

---

1. In Bolduc v. Pioneer Plastics Corporation, Me., 302 A.2d 577 (1973), we stressed the necessity of adequate findings of fact as a basis for appellate review.

2. One doctor felt that the employee could do desk work, or work as a night watchman, or

perhaps as a gas station attendant. The other thought that the man could do work involving lifting light cartons if he bent his knees and hips and on a limited basis, or perhaps he could sweep floors.

had the burden of going forward with proof that he had made reasonable efforts to obtain such work and had failed, either because such work was unavailable in the area or that it was unavailable to *him* by reason of his injury.[3]

The Commissioner found that:

"The employee has also made an effort to find employment at his former place of employment and in addition thereto has sought employment at the following places:

Picker Medical Products, Lisbon Falls, Maine

Radio Shack, Lewiston, Maine

Camden Yarns, Lewiston, Maine

Juliette Mills, Lisbon, Maine

Manpower, Inc., Lewiston, Maine

Coe Chevrolet, Inc., Augusta, Maine

Civil Service Commission, Augusta, Maine

In each instance the employee notified each prospective employer of his physical disability, and in each instance the prospective employer felt that the lifting involved in the prospective job openings would be too strenuous for the employee."

It is clear to us that—regardless of who had the burden—the Commissioner was satisfied that the employee had made some efforts to find work and had failed by reason of his injury. The Commissioner omitted to find that these efforts were "reasonable" efforts, which the *Connelly* rule requires the employee to make.

▮▮▮ The issue of the reasonableness of the efforts is a mixed question of law and fact, within the area of expertise of the Commissioner yet also reviewable by this Court upon appeal. 39 M.R.S.A. § 99.

The reasonableness of efforts to find employment must depend upon several factors including frequency and persistence of the effort, the type and appropriateness of the employment sought, et cetera. Our final problem presents itself in this manner: We feel we can safely say, on the basis of these findings regarding search for employment, that the Commissioner felt they were adequate to permit him to hold that the *employer* had failed in the burden to prove absence of available employment by reason of the employee's injury which he erroneously assigned to the employer. But can we safely say that if the Commissioner had applied the correct rule he would have found that the efforts were adequate to meet the *employee's* burden of going forward? We do not believe that we can fairly go that far. In view of the fact that the record does contain some testimony which he could have viewed as disputing the reasonableness of the effort, we cannot say that the placing of the burden upon the wrong party is inconsequential.

We are forced to conclude that the misapplication of this burden and the failure to make a sufficient finding of facts have combined to necessitate a remand to the Commissioner for a revision of his decree for further findings of fact based on the record or for further testimony, if necessary, to enable the Commissioner to make a determination regarding the employee's burden of going forward.

*The Employee's Petition for Vocational Rehabilitation*

The employee asked the Commissioner to order the employer to pay for a period of vocational rehabilitation for the employee, such as is authorized by 39 M.R.S.A. § 52, the pertinent part of which reads:

"Whenever, because of the nature of such injury or the subsequent condition of the employee following such injury, it appears that vocational rehabilitation is

---

3. We recognized in Foster v. Bath Iron Works Corporation, Me., 317 A.2d 11, 15 (1974) that an individual's age, skill, training, and experience may combine to affect the impact of his medical condition upon his ability to obtain employment.

necessary and desirable to restore the employee to gainful employment, the employee shall be entitled to reasonable and proper rehabilitation service for a period not exceeding 52 weeks, which period may be extended for a further period not to exceed another 52 weeks if such extended period is found to be necessary and proper by any member of the Commission."

The Commissioner interlocks his reasons for granting the employee's petition with those which resulted in his denying the employer's petition. He wrote:

"In a companion opinion this Commission has dismissed a Petition for Review and for the same reasons and upon the same facts as outlined therein, this Commission finds that the employee lacks a work capacity and is not barred from Vocational Rehabilitation on that basis.

The foregoing decision eliminates the objection by counsel for the insurance carrier that an Award for Vocational Rehabilitation is not in order because he argues that the employee has a partial capacity to work."

Therefore, until we know whether the application of the correct rule of law will alter his conclusions as to the employee's status, we are unable to evaluate his conclusions as to the employee's petition.

The entry must be:

Appeal sustained.

The pro forma decree of the Superior Court is vacated.

Both petitions remanded to the Industrial Accident Commission for further action consistent with this opinion.

Ordered that $350.00 to cover fees and expenses of counsel for the employee be paid by the employer to the employee.

All Justices concurring.