PETREA AND SON OIL COMPANY and Aetna Life and Casualty Company, Defendant Below, Employer, Appellant,

v.

Floyd M. MOORE, Sr., Plaintiff Below, Employee, Appellee.

Supreme Court of Delaware.

Submitted Dec. 17, 1981.

Decided Jan. 15, 1982.

Carl Schnee (argued), Prickett, Jones, Elliot, Kristol & Schnee, Wilmington, for defendant below, employer, appellant.

Rodney Don Sweet (argued), Seaford, for plaintiff below, employee, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

Appellee, Floyd Moore, Sr., filed a claim before the Industrial Accident Board (Board) seeking compensation for a work-related disability. The claim was based upon a disabling acute coronary insufficiency (ACI) allegedly caused by appellee's act of lifting a truck cab heavily laden with a mantle of snow and slush. At the time of the injury, appellee had a pre-existing heart condition. The Board granted disability benefits to appellee and ordered appellant carrier to pay $2250. in attorney's fees. The Superior Court affirmed the Board's decision and directed appellant carrier to pay appellee's counsel an additional $2500

for taking the appeal from the Board. Appellant then lodged this appeal.

As the first ground for reversal, appellant contends that the Board's decision was internally inconsistent. Appellant protests that it was illogical for the Board to state that appellee's disabling ACI stemmed from a pre-existing heart condition and then to declare that both the act of lifting the snow-covered truck cab coupled with the claimant's pre-existing heart disease caused the ACI in appellee.

■ The Superior Court recognized that a contention based on inconsistent findings was possible because of the Board's use of "awkward language in describing how the injury occurred." We agree that the findings and conclusion of the Board as to the cause of appellee's disabling ACI were awkwardly worded. However, a fair reading of the decision reveals that the Board's basic finding was that the act of lifting the snow-covered cab exacerbated the pre-existing heart disease and caused the disabling ACI. The lack of clarity in the Board's opinion does not rise to the level of reversible error.

In a related point of appeal, appellant asserts that the Board's findings are so incomplete as to constitute reversible error. Appellant maintains that the Board's findings are incomplete in that they contain no reference to the appellee's act of snow shoveling which occurred after he lifted the truck cab but just prior to his hospitalization for the ACI. Appellant claims that the snow shoveling was relevant to the issue of causation since one doctor testified that the snow shoveling might have caused appellee's disability.

■ Appellee correctly notes that the Board need not comment on every fact situation or mention testimony to which it does not assign credibility. Since the Board determined that the cab lifting caused the disability, there was no need to state the obvious, viz., that the snow shoveling was not the cause of the disability. The Board's decision complies with 19 Del.C. § 2345 which requires the Board to "state its conclusion of fact and rulings of law." More-

over, the Board's findings, while worded somewhat awkwardly, are sufficiently clear to comport with the requirements relating to the adequacy of Board findings and conclusions as outlined in Barnes v. Panaro, Del.Supr., 238 A.2d 608 (1968).

The real issue in this case is one of medical causation. At the hearing before the Board, three physicians testified: Drs. Moyer, Pamintuan and Pennock. All three doctors agreed that appellee had suffered an acute coronary insufficiency (ACI) which disabled him totally. All three physicians also agreed that appellee suffered from a variety of pre-existing heart diseases. A substantial portion of the appendices to the parties' briefs is devoted to the medical testimony of these doctors. On the crucial issue of the cause of appellee's disabling ACI, the doctors' testimony can only be described as equivocal, rambling and seemingly contradictory. Doctors Pamintuan and Pennock testified that the lifting of the cab could have caused the disabling ACI, but that the disability could also have been caused by the pre-existing heart disease without an exertion on appellee's part. Doctor Pamintuan also stated that the lifting of the cab was not a major factor in causing the disability, but that it could exacerbate the pre-existing heart disease and precipitate the disability. Later in his testimony, Dr. Pamintuan stated that the appellee's exertion probably precipitated the disabling ACI. Doctor Moyer testified that the act of lifting the truck cab probably precipitated the pain in appellee's chest and was a major factor in his disability.

■ In its decision, the Board chose to mention only the testimony of Doctors Pamintuan and Pennock. Notwithstanding the contradictory and equivocal nature of their testimony, the gist of it tends to support the Board's finding that appellee's disabling ACI was caused by lifting the truck cab. General Motors Corp. v. Freeman, Del.Supr., 164 A.2d 686, 688–89 (1960). The Board failed to mention the testimony of Doctor Moyer, which, in view of the equivocal testimony of the other two physicians, is

the only unequivocal evidence of causation.[1] Nevertheless, we take note of that evidence in the record. Dr. Moyer's testimony constitutes the substantial evidence necessary to support the Board's finding on the crucial issue of causation. *General Motors Corp. v. Veasey*, Del.Supr., 371 A.2d 1074, 1076 (1977).

█ Finally, we agree with appellee's argument that this Court should affirm the Superior Court's order, awarding him $2500. in attorneys fees for the appeal from the Board to the Superior Court, and remand the case to the Superior Court for a determination of attorneys fees for the appeal from the Superior Court to this Court.

Under 19 *Del.C.* § 2350(f), the Superior Court may award attorneys fees to claimant's attorney for each appeal taken in the event of successful appeals from the Board to the Superior and Supreme Courts. In view of appellee's success in the case *sub judice*, he is entitled to a determination of attorneys fees by the Superior Court for this appeal.[2]

Accordingly, the decision of the Superior Court is AFFIRMED and the case REMANDED to the Superior Court to ascertain and award the legal fees for this appeal.

---

1. In view of the Board's failure to note the testimony of Doctor Moyer, we take this opportunity to remind the Board of the duty to "state its conclusion of fact and rulings of law," 19 *Del.C.* § 2345, with the clarity and sufficiency necessary to assure "the orderly process of administrative review" by the Superior Court. *Panaro*, supra, at 610; *Duff v. Chrysler Corp.*, Del.Super., 301 A.2d 309, 312–13 (1972).

2. We do not reach the question of whether the lifting of the snow-covered truck cab constituted "unusual exertion" within the meaning of *Veasey*, supra, in light of appellant's concession of that issue at oral argument.