**In the Matter of the Honorable David P. BUCKSON, a Judicial Officer.**

Delaware Court on the Judiciary.

Submitted: Oct. 2, 1992.
Decided: Dec. 4, 1992.

Thomas Herlihy, III, Herlihy, Harker & Kavanaugh, Wilmington, for respondent.

Howard M. Handelman, Bayard Handelman & Murdoch, Wilmington, Presenter.

Michael F. Foster and John L. Reed, Wilmington, for the Dept. of Justice.

Before VEASEY, C.J., HORSEY, MOORE, WALSH, and HOLLAND, JJ., ALLEN, Chancellor, and RIDGELY, President Judge, constituting the Court on the Judiciary.

VEASEY, Chief Justice:

The issue before the Court on the Judiciary (the "Court") is whether David P. Buckson (the "Respondent") is entitled to have the State compensate his attorney for defending him against charges of judicial misconduct in connection with proceedings before the Court in which Respondent was removed from office and censured for judicial misconduct. *In re Buckson*, Del.Jud., 610 A.2d 203 (1992) (hereafter referred to as the "Opinion and Order" or as *"Buckson"*). Respondent moves for such payment pursuant to Supreme Court Rule

("Supr.Ct.R.") 68(e). The motion is hereby DENIED.[1]

## FACTS

The facts are set forth in the Opinion and Order and will not be repeated in full, but a brief summary is necessary for purposes of this decision.

From May 1975 until April 30, 1992, Respondent was an Associate Judge of the Family Court of the State of Delaware. As such, he was bound by the Canons of The Delaware Judges' Code of Judicial Conduct (the "Code"). On April 1, 1992, Respondent was charged with violating various provisions of Canon 1 and Canon 7 of the Code because of certain political activities.

Respondent first publicly announced at a press conference on March 30, 1992, his intent to pursue the Republican gubernatorial nomination, which press conference and the ensuing media coverage prompted Justice Henry R. Horsey, the then acting Chief Justice,[2] to contact Respondent on March 31, 1992. Respondent informed Justice Horsey that the article was true and correctly reported his intentions. On April 1, 1992, Chief Judge Vincent J. Poppiti of the Family Court instituted an action against Respondent in the Court on the Judiciary. The complaint charged Respondent with violations of Canons 1 and 7 of the Code. Respondent was directed to retire or resign from the Family Court before pursuing his political objectives any further and was directed not to sit on any cases while this proceeding was pending. Respondent refused to resign or retire and continued to pursue the Republican nomination while remaining a Judge of the Family Court.

On April 9, 1992, Respondent held a second news conference. At that conference he reiterated that he desired to become Governor and that he did not intend to retire prior to securing the nomination. He further stated that he was no longer hearing Family Court cases. *Buckson*, 610 A.2d at 212. Because Respondent intended to secure the endorsement of the Republican Convention for the gubernatorial nomination on May 9, 1992, it was necessary for the Court to expedite the proceeding, and the Court did so, as shown by the procedural history of the case set forth in the Opinion and Order. *Id.* at 208–12.

When a complaint is filed with the Court on the Judiciary, the Chief Justice may direct the Preliminary Investigatory Committee (the "Committee") to investigate any alleged judicial misconduct. After conducting an investigation, the Committee files a written report with the Court. In the present case, this was done and the Committee's report concluded that Respondent's political activities constituted probable cause to believe that he may be subject to censure, suspension, removal, or retirement under Article IV, § 37 of the Delaware Constitution ("Art. IV, § 37"). Upon receiving the report of the Committee, the Chief Justice appointed a Board of Examining Officers (the "Board") pursuant to Court on the Judiciary Rule ("Ct.Jud.R.") 5(a).

On April 8, 1992, pursuant to Ct.Jud.R. 6, the Board issued Respondent an order to show cause why he should not be disciplined and directed him to appear at a hearing on April 14, 1992. The order informed him of his rights and duties pursuant to Ct.Jud.R. 7(d), which rule provides, in part, that a respondent "must be repre-

---

**1.** Counsel for Respondent, Thomas Herlihy, III, Esquire, presented Respondent's "Motion for Compensation at State Expense" on August 7, 1992, after the Court's Opinion and Order had been entered on July 7, 1992. The amount of the requested compensation as calculated in the motion is $14,614.97. A brief in opposition was thereafter submitted by Howard M. Handelman, Esquire (the Presenter appointed by the Court in the underlying proceeding), and Mr. Herlihy filed a reply. At the Court's request, Michael F. Foster, Esquire (State Solicitor) and John L. Reed, Esquire (Deputy Attorney General) filed a brief on behalf of the Department of Justice. This matter has been submitted to the Court for decision on the briefs without oral argument.

**2.** As noted in the Opinion and Order, Justice Horsey, as Senior Justice, was the Acting Chief Justice since former Chief Justice Christie had retired on February 29, 1992, thus creating a vacancy in that office until April 7, 1992, when E. Norman Veasey was sworn in as Chief Justice. *See Buckson,* 610 A.2d at 210 n. 9, 212.

sented by counsel and if he is not represented by counsel of his choice, the Board shall appoint counsel to represent him at all stages of the proceedings before it." The order also advised Respondent that he was required to notify the Board before 4:00 p.m. on April 10, 1992, if he intended to invoke Supreme Court Rule 68 which authorizes the appointment of private counsel for officers of the State in certain defined circumstances. Supr.Ct.R. 68(a) provides:

> (a) **Petitions for Appointment.** A public officer or employee of the State named as a defendant in a civil or criminal action brought in a court of the State of Delaware or in the United States District Court for the District of Delaware for acts arising out of his employment by the State may petition for appointment of counsel; provided, however, that a complaint filed in the Court on the Judiciary shall not be deemed a "civil or criminal action brought in a court of the State of Delaware" unless and until the Court on the Judiciary shall have appointed an Examining Board under Rule 5 of the said Court in connection with such complaint. A petition for appointment of counsel shall be verified by the petitioner and shall state (1) the caption of the action against him, (2) the name of the court in which the action was brought, (3) the nature of the claim against the petitioner, (4) facts supporting the petitioner's claim that the action against him arises out of his employment with the State, and (5) if appointment of private counsel is sought, the reasons why the Department of Justice, in a civil action, or the public defender, in a criminal action, is unable to provide the petitioner representation.[3]

Respondent advised the Board that he was unable to retain an attorney prior to April 14 and elected not to appear at the hearing in person or by counsel. The hearing proceeded in his absence and a report was drafted. Respondent received the draft on April 15 and had until April 20 to submit exceptions to it. The Board's final report was due on that date.

Prior to the filing of the final report on April 20, Thomas Herlihy, III, Esquire, informed the Court that Respondent wished to retain his services and that a petition for his appointment pursuant to Supreme Court Rule 68 would follow. The petition was filed later that day and was deficient in at least three respects. First, the petition was not filed in a timely manner since this Court's April 7, 1992 Order clearly established April 10, 1992 as the deadline for a Rule 68 petition. Second, the petition failed to allege any facts supporting petitioner's claim that the action against him arises out of his employment with the State. Supreme Court Rule 68(a)(4) expressly requires such facts to be set forth in the petition. Third, the petition raised serious "concerns regarding the issue of the ultimate entitlement of appointed counsel for respondent to be compensated or reimbursed at State expense...." *Buckson*, 610 A.2d at 212. Nevertheless, the urgency of the matter prompted the Court to appoint Mr. Herlihy as counsel for the Respondent, but the Court imposed several conditions upon the appointment so as to preserve the unresolved issues for resolution at a later date. The April 21, 1992 Order provides, in part:

> (4) Thomas Herlihy, III is hereby appointed as counsel for respondent, but **such appointment is conditional** in that: (i) the expedited nature of this proceeding requires that he be empowered to act as counsel for respondent within the time limitations established; [and] (ii) **no determination is made or implied that such counsel is entitled to any compen-**

---

**3.** In this matter, the Attorney General advised the Board on April 13, 1992, the day prior to the hearing before the Board, that the charges were such that they did not involve acts arising out of Respondent's employment, "but were, in fact, extrajudicial activities or conduct which would preclude [Respondent] from receiving appointment of counsel by the Department of Justice or private counsel at state expense under Supreme Court Rule 68." Transcript of April 14, 1992, Board Hearing at p. 4. *See also Buckson*, 610 A.2d at 211–12, 220–21. The Attorney General and the Presenter have likewise taken that position before this Court, and, accordingly oppose Respondent's motion.

sation or reimbursement of expenses at State expense....

*Id.* (emphasis supplied). Respondent and his attorney elected to proceed with the matter on such conditional basis.

In its April 30, 1992 Order, the Court found Respondent's continuing political activity to be "unethical, deplorable, irresponsible, [and] demeaning of a judicial office." The Court concluded that Respondent failed to observe and maintain the high standards of conduct required of judges and that he jeopardized the integrity and independence of the judiciary. Pursuant to Art. IV, § 37 of the Constitution and Ct. Jud.R. 9(c)(5), the Court censured Respondent for violating various provisions of Canons 1 and 7 of the Code and ordered him removed from the office of Associate Judge of the Family Court of the State of Delaware. *Buckson,* 610 A.2d at 225–28.

### APPOINTMENT OF COUNSEL FOR STATE OFFICERS AND EMPLOYEES

Respondent now seeks to have the State compensate Mr. Herlihy pursuant to Supr. Ct.R. 68(e), which provides as follows:

**(e) Costs and Attorneys Fees.**

(1) Private counsel appointed under this rule shall be compensated for their services at a rate which is ordinary and usual in comparable cases in this jurisdiction and which is in accord with the applicable principles of Canon 2, Disciplinary Rule 2–106, Code of Professional Responsibility. Whenever appointed counsel prosecutes compulsory or permissive counterclaims or cross-claims, he or she shall obtain the express consent of his or her client to do so and said counsel shall apportion his or her fees for such counterclaims or cross-claims. The public officer or employee whom said counsel represents shall be responsible for such apportioned fees and expenses unless the appointing court, for good cause shown, shall otherwise order.

(2) Private counsel appointed under this rule shall be reimbursed for costs incurred in representing a state officer or employee at a rate which is ordinary and usual in comparable cases in the jurisdiction. Such counsel, however, shall petition the appointing court in advance for authorization to incur costs or charges for transcripts, interpreters, investigators, expert witnesses and for other costs of extraordinary amount or for unusual services connected with the litigation.

(3) Private counsel entitled to compensation or reimbursement under this rule shall apply to the appointing court for payment at the conclusion of the litigation except, upon a showing of sufficient need, the application may be made at any time during the pendency of the litigation. The Superior Court may consult with the presiding judge in cases encompassed by (b)(2) above.

Mr. Herlihy was conditionally appointed to represent Respondent because of the exigent circumstances of the case as the Opinion and Order show. *Buckson,* 610 A.2d at 208–12. As a result, the language in Rule 68(e) is not applicable in this unique case because that provision presupposes entitlement to compensation, which entitlement has not been established and was expressly reserved in the April 21, 1992 Order. The conditions this Court imposed upon Mr. Herlihy's appointment in that order control the resolution of the motion which is presently before this Court. Compensation may not be granted unless Respondent has established entitlement to compensation under the express provisions of Supr.Ct.R. 68(a).

■ Rule 68(a) provides that public officers of the State of Delaware who are named as defendants in a civil or criminal action may petition for appointment of counsel where the officer is a defendant in proceedings "arising out of his employment by the State...." Moreover, the rule expressly states:

[P]rovided, however, that a complaint filed in the Court on the Judiciary shall not be deemed a "civil or criminal action brought in a court of the State of Delaware" unless and until the Court on the Judiciary shall have appointed an Exam-

ining Board under Rule 5 of said Court in connection with such complaint. Supr.Ct.R. 68(a). In this proceeding the Court appointed the Board in its April 7, 1992 Order, thus triggering this provision of Supr.Ct.R. 68(a).

The political activities undertaken by Respondent clearly did not constitute "acts arising out of his employment" as an Associate Judge of the Family Court. Respondent's pursuit of the Republican gubernatorial nomination was a personal endeavor that unquestionably falls outside the purview of his judicial office. The powers of a judge are those conferred upon him by the Constitution and by statute and those that are inherent in the office. Canon 7 of the Delaware Judges' Code of Judicial Conduct expressly cautions judges not to "engage in any . . . political activity except on behalf of measures to improve the law, the legal system or the administration of justice." Seeking the Republican gubernatorial nomination clearly falls within conduct prohibited by this constraint.

■ The meaning of the phrase "arising out of employment" has been addressed by the courts of this State in the context of the workers' compensation law. In that context, an action arises out of employment "if it arises out of the nature, conditions, obligations or incidents of the employment, or has a reasonable relation to it." *Dravo Corporation v. Strosnider*, Del.Super., 45 A.2d 542, 544 (1945); *Barnes v. Panaro*, Del.Supr., 238 A.2d 608, 609 (1968) ("arising out of employment" refers to origin and cause). Claiming to be consistent with this definition, Respondent argues that he was engaged in the "act" of remaining a judge after announcing his intent to pursue the gubernatorial nomination. He claims that this act necessarily arises out of his employment as a judge and entitles him to appointment of counsel at State expense. While it is true that the act of serving as a judge arises out of employment with the State, Respondent's reasoning is circular and is completely without merit. Respondent was removed from office because he compromised the independence and integrity of the judiciary by pursuing the guber-

natorial nomination without first resigning his judicial office. The act of remaining a judge after his political aspirations and activities were publicized simply rendered the act a continuing course of misconduct. Respondent's political activities plainly do not arise out of the nature, conditions, obligations, or incidents of his employment, or have a reasonable relation to it.

Judicial duties include all those which are essential to accomplishing the primary purpose of the judicial office—that of conducting authorized judicial proceedings and rendering judgments. *See* 46 Am.Jur.2d *Judges* § 21 (1969). This principle is reflected in Canon 1 of the Code which recognizes "[a]n independent and honorable judiciary [as] indispensable to justice in our society." By pursuing the gubernatorial nomination, Respondent took actions which not only went outside his duties as a judge, they compromised the independence and integrity of the judiciary. Respondent's candidacy and resulting political activities were intentional, knowing, and voluntary acts taken with gross disregard and unconcern for the judicial office which he swore to uphold. Such political activity is judicial misconduct and does not arise out of a judge's employment with the State. Thus, Supr.Ct.R. 68 does not authorize compensation at State expense under the circumstances of this case.

■ The preclusionary effect of Supr.Ct.R. 68 applies to those acts which do not arise out of one's employment with the State. Where public officers and employees of the State are charged with multiple forms of misconduct, the Court should distinguish among the various charges of misconduct and determine which arise out of employment with the State and which do not. If the accused is entitled to Court appointed representation, at State expense, it is only for those charges that arise out of employment with the State. The presence of misconduct which does not arise out of a State employee's course of employment does not preclude the Court from appointing counsel, at State expense, on any charge which does arise out of employment with the State. Each charge must be con-

sidered and treated on an independent basis. Where compensable and noncompensable charges coexist, the Court may apportion costs accordingly. Apportionment is not always practical, necessary, or appropriate, however. The Court has broad discretion in the awarding or denial of counsel fees, both as to entitlement and amount. We need not decide whether the Court may, in a given case, decline to award any compensation or may award full compensation without apportionment where arguably compensable issues and noncompensable issues coexist. There are no arguably compensable issues present here.[4]

■ Respondent next contends that the requirement of appointment of counsel under Ct.Jud.R. 7(d) is unqualified and mandatory, thus entitling him to have the State compensate his attorney. Rule 7(d) provides, in part, that a respondent "must be represented by counsel and if he is not represented by counsel of his choice, the Board shall appoint counsel to represent him at all stages of the proceedings before it." Respondent's reliance on this provision is misplaced. As we stated:

> Although Ct.Jud.R. 7(d) is a procedural rule which confers a procedural right to be represented by counsel at the Board hearing, it does not create a substantive right to the appointment of counsel.

*Buckson*, 610 A.2d at 220.

Moreover, in this matter, the Board found:

Judge Buckson's position is untenable. Rule 7(d) uses the phrase "shall appoint counsel" as the appointment of counsel is defined in Supreme Court Rule 68. Under Rule 68 (and under my April 7, 1992, Order), a person must petition for the appointment of counsel. Furthermore, even though the phrase "shall appoint" in Rule 7(d) is nondiscretionary on its face, it obviously means that the Board shall appoint counsel when the petitioner is entitled to the appointment. It is ridiculous to argue that this phrase requires the Board to appoint counsel to a respondent in every case in this Court because such would result in the wasting of state resources via the state funding of state employees' legal defenses for matters not related to their state employment.

*Id.* at 214. We agree. Thus, Respondent's rights under Ct.Jud.R. 7 are no greater than his rights under Supr.Ct.R. 68.

### CONCLUSION

NOW, THEREFORE, IT IS ORDERED that Respondent's Motion for Compensation at State Expense be, and the same hereby is, DENIED.

---

**4.** Respondent relies on *In re Barrett*, Del.Jud., 593 A.2d 529 (1991), where a Justice of the Peace was suspended for (1) engaging in political activity while in office, (2) doing gratuitous title searches for policemen while in office, (3) chronic tardiness, and (4) purchasing jewelry from a defendant at the courthouse while court was in session. Although not reflected in the reported opinion, the Court appointed private counsel and, after the opinion issued, awarded counsel compensation at State expense in the full amount requested ($1720) without any discussion of Rule 68 or the issues of entitlement or apportionment. Since some of the charges were arguably compensable, it may not have been practical for the Court to engage in the mathematical exercise of apportioning this modest charge. *Barrett* is obviously distinguishable from this case. It should not be read, in any event, as precedent for the entitlement to compensation of appointed counsel for services or expenses related to charges involving activities not arising out of a public officer's employment, which is the sole matter presented here.