## CONNELLY'S CASE.

### Penobscot.    Opinion March 1, 1923.

*Under the Workmen's Compensation Act, the burden is on the petitioner for review,
to establish as facts the grounds for review.    Total disability does not depend
upon inability of the injured to perform the same kind of labor he was per-
forming when injured, but his inability by reason of his injury to
obtain any kind of work he can do.    The findings of the Com-
mission based upon a ruling of law not warranted by the
evidence are erroneous.*

In the instant case sufficient evidence was offered by the petitioner to warrant
a finding that total disability had ceased, unless the employee presented evi-
dence that he had sought for work of the kind he could perform and could not
obtain it by reason of his injury.

The question at issue was one of fact; not whether the injured employee could
perform the same kind of labor he was performing when injured, but whether
his earning capacity had diminished.

The finding by the Chairman that the evidence submitted did not warrant
diminishing the compensation to which the injured employee was entitled
from that of total disability appears according to his decree to have been a
ruling of law, which was not warranted by the evidence in the case.

Case should be recommitted for the determination as a matter of fact, whether
the earning capacity of the employee has increased and if so, the extent of his
present disability.

On appeal.  On July 11, 1921, claimant, an employee of the
Stickney & Babcock Coal Company, received an injury which for a
time at least produced total incapacity, and by agreement he was
awarded compensation for total disability for an indefinite period.
On January 28, 1922, the insurance carrier petitioned for a review
alleging that the incapacity of the employee had diminished.  A hear-
ing was had on the petition and the Chairman of the Commission
dismissed the petition and ordered the compensation for total dis-
ability to continue.

The employer and the insurance carrier appealed.  Appeal sus-
tained.  Decree of justice below reversed.  Case recommitted to
the Industrial Accident Commission for determination upon the

evidence submitted or upon further hearing whether the injured employee has any capacity to earn and if so, the extent of his disability now due to his injury.

The case is stated in the opinion.

*Terence B. Towle*, for plaintiff.

*Andrews, Nelson & Gardiner*, for respondents.

SITTING: SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

WILSON, J.  The employee in this case while at work in a coal yard received a fracture of the scapula or shoulder blade, which for a time at least totally incapacitated him for work.  An agreement was entered into between him and his employer, which was duly approved August 8th, 1921, allowing him compensation based on total disability and for an indefinite period.

On January 28th, 1922, the insurance carrier filed a petition for review under Section 36 of the Compensation Act upon the ground that the incapacity of the injured employee had diminished.  The Chairman of the Industrial Accident Commission after hearing the parties ordered the petition dismissed and compensation for total disability continued under the agreement approved August 8th, 1921.

A decree was entered in court in accordance with this finding and the case comes before this court on appeal from this decree by the employer and insurance carrier.

From the manner, often *ex parte*, in which this class of cases is presented to this court it is not always clear upon what grounds the rulings of the Chairman of the Commission are based.

In the case at bar the Chairman specifically finds that the employee was still totally incapacitated to perform "the labors being performed by him at the time of the accident" or work of the same nature, which was that of shoveling coal or carrying it in baskets when delivered.

Petitioner's counsel assumes from these findings that the Commissioner has based his ruling, in part at least, on the ground that under the Compensation Act of this State total disability continues so long as the injured employee is totally incapacitated from performing the same kind of labor as he was performing at the time of the injury.  If so, it was erroneous.

The Compensation Act of the State of Michigan in effect seems to so provide, and the Michigan Court to so hold. *Foley* v. *Detroit United Rwy.*, 190 Mich., 507. The Compensation Act of this State, however, does not so provide. It is for the total or partial "incapacity for work," the loss of earning power, for which the Act of this State provides compensation. *Thibeault's Case*, 119 Maine, 336. *Sullivan's Case*, 218 Mass., 141, 142. Partial disability is defined by the Act, Section 15, as being the difference between what he was earning, his weekly wages, before the injury and the weekly wages "which he is able to earn thereafter." It does not limit it to the same kind of employment in which he was engaged at the time of the injury.

The differences between the Chairman of the Commission and petitioner's counsel, however, may be chiefly due to different views as to where the burden of proof lies in a proceeding of this nature, i. e., in case of a petition for review. The petitioner taking the position that the burden of proving his right to continued compensation remains on the injured employee whenever challenged by the employer or insurance carrier by a petition for review.

But while the rule is well established that in the first instance the burden of establishing his right to compensation rests on the injured employee, *Mailman's Case*, 118 Maine, 172, and it would continue to rest upon him so long as the question of his right to compensation is held open on the original petition, or in case he petitions for review upon the ground of increased disability, we see no reason when the employer or insurance carrier petitions for review for reversing the ordinary rule that the burden rests on the moving party to establish the grounds upon which he seeks relief.

None of the cases cited by the petitioner's counsel upon this point appears to have been petitions for review under provisions similar to Section 36 of the Compensation Act of this State. Either they are proceedings upon the original petition or rehearings in cases where the proceedings on the original petition appear to have been kept open, in which cases it may well have been held that the burden was on the claimant to establish his right to compensation.

Where, however, his rights have already been established, and by proceedings having the effect of a judgment, and it is sought to review them, the burden must rest upon the moving party to establish the grounds upon which his petition is based. *Orff's Case*, 122 Maine, 114.

But assuming the burden is upon the petitioner in this case, the Chairman of the Commission by his decree appears to have come to his final conclusion, that total disability still existed, as a matter of law. Such a conclusion cannot be said to follow as a matter of law, either from the facts found by him as set forth in his decree, or from any evidence in the case.

According to the decree it is found as a fact that the injured employee is still incapacitated to perform the same labor, or work of the nature being performed by him at the time of the accident, which may be said in passing to be immaterial in the determination of this case. The decree then states that evidence was submitted in the form of medical opinion that the employee was sufficiently recovered to engage in some "light work," but that no evidence was furnished showing the particular nature of any light work available to Mr. Connelly, nor any evidence that the petitioner or employer could or would furnish him with any such work. The decree then concludes: "In accordance with the previous rulings of the Industrial Accident Commission it is found that the evidence submitted was not sufficient to warrant diminishing Mr. Connelly's right to compensation for total disability to work."

If it is meant by "evidence submitted," the evidence specifically referred to in the decree, then clearly by no rule of law,—and any previous rulings of the Commission must, of course, be rulings of law,—does it follow that Mr. Connelly was totally incapacitated at the time of the hearing; because if it be admitted,—and from the language of the decree the final conclusion must be held to be based upon such admission,—that he had sufficiently recovered to perform some kinds of light work, the fact that the petitioner for review did not show the particular nature of the light work available or offer to furnish him with such work would not alone warrant the conclusion as a matter of law that he was still totally incapacitated for work within the meaning of the Compensation Act of this State. When a petitioner for review has shown an ability to do such work as is ordinarily available in the community in which the injured employee resides, and the kind of work suggested by the physician testifying in this case was "driving a team or working around a place," he has sustained the burden upon him as the moving party in a petition of the kind now before us. It then, we think, becomes the burden of the employee to meet this by showing he has used

reasonable efforts to obtain such work and failed by reason of his injury.    *Lacione's Case,* 227 Mass., 269.

If he fails to use reasonable efforts to find work such as he could perform or insists that he could not perform it, if available, no burden rests upon the petitioner to offer him work or to prove that some particular kind of work is available which he could perform.

The evidence in the case discloses that notwithstanding the physician who examined him and by an X-ray impression of the fractured bone found it had "healed solid," and unqualifiedly expressed the opinion that the only way the normal use of the shoulder muscles could be restored was by use in performing some light work of the kind mentioned, Connelly admitted that he had not sought such work and insisted he could not do such work, even if it could be obtained.

It may be, that the Chairman of the Commission who is made the trier of facts in these cases might, from the evidence in this case, find as a matter of fact that total disability still existed, but it cannot be said to follow as a matter of law from the premises set forth in his decree.

His conclusion, therefore, that under the previous rulings of the Commission Connelly was still totally incapacitated for work, must be held to be error.    The case, however, should be recommitted for the purpose of determining upon the evidence already submitted or upon further hearing, if deemed necessary, whether Connelly as a matter of fact is possessed of any capacity to earn, based upon whether he can perform any kind of available work; and in determining whether it is available, the fact of whether the work which he can perform is such as is ordinarily available in the community where he lives and whether he has made reasonable efforts to obtain it and failed by reason of his injury should be considered.    *Lacione's Case,* supra. *Chimora* v. *International Ice Cream Co.,* 184 N. Y., Suppl., 500.

> *Appeal sustained.    Decree of Justice below reversed.    Case recommitted to the Industrial Accident Commission for determination upon the evidence submitted or upon further hearing, whether the injured employee has any capacity to earn and if so, the extent of his disability now due to his injury.*