**Charles R. CHAPIN and Dorothy S. Chapin**

v.

**Robert LOWBERG and Flora Lowberg.**

Supreme Judicial Court of Maine.

July 14, 1978.

Domenic P. Cuccinello, Thomaston (orally), for plaintiffs.

Strong & Fletcher by James W. Strong, Thomaston (orally), for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

PER CURIAM.

Plaintiffs filed a complaint in the District Court against the defendants seeking to recover thirty-five hundred dollars "for money lent by plaintiffs to defendants on September 8, 1975." The defendants' answer was a general denial. After a hearing before the District Court Judge judgment was ordered for the plaintiffs. Subsequently, on motion therefor, findings of fact and conclusions of law were duly filed. Rule 52, D.C.Civ.R. After a seasonable but unsuccessful appeal to the Superior Court,[1] the appeal to this Court ensued, which we deny.

The District Court Judge made the following findings:

"This was a suit by the Chapins against the Lowbergs for $3500.00 loaned by the Chapins with no note, receipt or other written evidence of the indebtedness. In the absence of such evidence the decision of this Court was based very largely on

---

1. "The appeal shall be on questions of law only and shall be determined by the Superior Court without jury on the record on appeal . . . .. Any findings of fact of the District Court shall not be set aside unless clearly erroneous." Rule 73(a), D.C.Civ.R.

the credibility of the witnesses. Judgment was for the Plaintiff in the amount of $3500.00. Defendant has seasonably asked for a finding of fact. The facts, briefly, are as follows:

The parties had known each other for some ten years and as a matter of fact, Mrs. Chapin worked for Mrs. Lowberg at Flo's Lighthouse Restaurant during the general period when the loan took place. Her employment was on a 'percentage of profits' basis which did not prove satisfactory as there appeared to be no profits, and the relationship terminated after six or seven weeks.

Robert Lowberg operates a wholesale lobster business in Rockport, his wife, Flo, operated Flo's Lighthouse Restaurant. The Chapins claimed that in August of 1975 Mr. Lowberg asked to borrow $3500.00 from them to buy a piece of land near Flo's Lighthouse, for a recreation park. She obtained the money in the form of a check from a Federal Credit Union in Hartford, Connecticut,[2] and says that she and her husband took the check on September 6 to Flo's Lighthouse, where she endorsed the check in blank rather than 'to the order of Robert Lowberg' because he did not wish to create 'income tax problems.'

Charles Chapin testified that he brought the check to Flo's Lighthouse on September 6 and that he went with Robert Lowberg to Ingraham's store in Rockport for the purpose of cashing the check. He was unable to cash it so they left it in his safe until the following Monday, when he went with the Lowbergs to Camden and cashed the check at the bank. They then proceeded to the seller of the property but for some reason not fully explained, the seller could not accept the money at that time, so it was taken back to Mr. Ingraham's safe.

Chapin claims that Lowberg offered to give him $5000.00 for the $3500.00 loan. When he called him the first of December concerning payment, Lowberg denied receiving the money or owing him anything. Mrs. Lowberg also denies receiving any money from the Chapins, but admits buying land for $3500.00, claiming $2000.00 was borrowed from one Ken Carlson, who was never produced but who was thought to be in Alaska. The balance came from the lobster business.

Dora Chase, a sister of Mrs. Lowberg, testified that she was present when the Chapins brought in the check and that Mr. Chapin and Mr. Lowberg took the check and left together.

This Court has had an opportunity to observe the demeanor of the witnesses and listen to them testify. Although diametrically opposite from the Lowberg's story, I believe that Mr. and Mrs. Chapin are telling the truth and that although it was an unwise and naive thing to do, I find that they did, in fact, loan $3500.00 to the Lowbergs, which sum has never been repaid.

The absence of the mysterious Ken Carlson,[3] from whom the money was supposed to have been derived, balanced against the testimony of Mrs. Chase, that she saw the Chapins bring the check and Chapin and Lowberg leave with it, makes the Chapins' story credible and believable. Based upon these findings, Judgment was rendered for the Plaintiff."

The testimonial record in the District Court was preserved. We have reviewed the record carefully and are satisfied that the above findings of fact were without error, being fully supported by credible evidence. There was no legal error in ordering judgment for the plaintiffs. *See Gay v. Gay's Super Markets, Inc.,* Me., 343 A.2d 577, 579 (1975).

---

**2.** Such a check marked "Pltfs Exh. # 1" is included in the record.

**3.** "COURT: Well, I distinctly remember that this case has been continued for some time, to permit Defendant to produce in—evidence from this Ken Carlson, that he did, in fact, loan the money. And, it seems strange to me, that with Ken Carlson being in this area in June, that somebody didn't get, at least a photocopy of the note, at that time . . . ." The foregoing comment was made following a colloquy between the Court and counsel during the course of the hearing.

The entry is:

Appeal denied.

Judgment affirmed.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.