**Melvin R. MATTHEWS**

v.

**Barbara BOSS d/b/a St. Croix Hotel Restaurant and American Fidelity Insurance Company.**

Supreme Judicial Court of Maine.

Aug. 2, 1978.

---

Francis J. Hallisey (orally), Machias, for plaintiff.

Mitchell, Ballou & Keith by Kevin Cuddy (orally), Bangor, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

By decree dated August 31, 1973 (as amended September 26, 1973), the Industrial Accident Commission determined that Appellant Melvin R. Matthews had received a back injury on September 18, 1972, which arose out of and in the course of his employment as a waiter for Appellee Boss at the St. Croix Hotel Restaurant. The Commission found that Mr. Matthews was 80% disabled by his injury and ordered that he be compensated accordingly. No appeal of that decree was taken.

On July 7, 1975, the Appellees, Boss and her insurance carrier, filed a petition for review of incapacity pursuant to 39 M.R.S.A. § 100 (1973 Supp.), alleging that Mr. Matthews' partial incapacity had diminished or ended. After five hearings, extending over the period from December 2, 1975 to July 13, 1977, the Commission concluded " . . . that Mr. Matthews has substantial capacity for work and in the absence of evidence that he has made good faith attempt to find employment within that capacity we rule that compensation payments are hereby suspended as of the date of this decree."

After obtaining the required *pro forma* decree of the Superior Court in Washington County, Mr. Matthews seasonably brought this appeal here.

We sustain the appeal.

■ The starting point in a petition for review of incapacity is the original decree or duly accepted agreement which, in the absence of fraud, conclusively establishes the degree of the employee's injury and its causal connection with his employment. *Dufault v. Midland-Ross of Canada, Ltd.,* Me., 380 A.2d 200, 204 (1977). The key inquiry is the change of circumstances since the earlier determination. *Id.* at 203. The petitioners have the burden of proving that the condition of total or partial incapacity caused by a compensable injury has diminished or ceased entirely. *Dailey v. Pinecap, Inc.,* Me., 321 A.2d 492, 494 (1974). The proof may show either that the disability itself has diminished or ended, or that the cause of a continuing disability has changed. *Dufault v. Midland-Ross of Canada, Ltd., supra,* 380 A.2d at 203.

Here, the decree of August 31, 1973 (as amended) established that Mr. Matthews had a partial disability of 80% resulting from a compensable injury.

■ The first shortcoming of the decree suspending compensation payments is that the Commission failed to discharge its duty to find the underlying facts supporting its conclusion.[1] *Dufault v. Midland-Ross of Canada, Ltd., supra,* 380 A.2d at 203. Specifically, the conclusion that " . . . Mr. Matthews has substantial capacity for work . . . " is ambiguous.

On the one hand, it could be read as a finding that Mr. Matthews' work-related partial disability had ended entirely. However, there are two problems with this interpretation.

First, if Mr. Mathews' work-related partial disability had ceased entirely, the Commission's discussion of his failure to seek work is rendered superfluous, because he would not be entitled to compensation in any event.

---

1. A good example of the specificity of findings which facilitates appellate review is found in *Chapin v. Lowberg,* Me., 388 A.2d 510 (1978), where we quoted extensively, with approval, from the findings of the District Court judge.

Second, there is no competent evidence in the record to support a finding that the disability had ceased entirely, as measured since the prior decree. Apparently, the Commission relied on the following testimony from the employee's physician to reach its conclusion of "substantial capacity for work":

Q. Okay. Doctor, did you form an opinion, again based on your June 1977 examination, with respect to this man's work capacity?

A. Well, I felt that he had a light work capacity. That would be more in the nature of a sedentary kind of a job not involving any bending or climbing or lifting or anything that would put stress or even repetitive bending, put stress on the back.

However, that same physician, who had treated the employee since prior to the earlier decree, also testified that " . . . (e)very time I've seen this man he has had the same complaints . . . ." Thus, while the above quoted testimony is competent to establish "a light work capacity," it fails to show a change in circumstances since the earlier decree. By virtue of the 80% incapacity (and correlative 20% capacity), the employee always retained at least some capacity to earn a wage, and there is no competent evidence to support a finding that Mr. Matthews' incapacity had ceased entirely since entry of the prior decree.[2]

■ The Commission's decree could also be interpreted as concluding that the employee retained at least some residual incapacity along with a light work capacity. If this was the Commission's basis, it was necessary to make a specific finding of fact as to the percentage of residual incapacity; it would be error to require a partially disabled employee to demonstrate his earning capacity by suspending compensation payments to force the employee back to work. *See Shoemaker's Case*, 142 Me. 321, 325–327, 51 A.2d 484, 486 (1947). The economic pressure incidental to less than total disability payments is the extent of the Commission's power to compel a partially disabled individual to seek work. *See Bolduc v. Pioneer Plastics Corporation*, Me., 302 A.2d 577, 580–581 (1973).[3]

■ The insufficiency of the Commission's findings of fact to support this interpretation of its decree requires us to remand to the Commission for further proceedings so that specific findings of fact can be made. Out of fairness to the parties, we believe that the Commission's determination should not be restricted to the present record, but rather that the parties should have the option of presenting such further evidence as they deem relevant. *See Justard v. Oxford Paper Co.*, Me., 384 A.2d 441, 443–444 (1978).

The entry is:

Appeal sustained.

*Pro forma* decree of the Superior Court vacated.

Remanded to the Workers' Compensation Commission[4] for further proceedings consistent with the opinion herein.

Further ordered that Appellees pay to Appellant $550 for his counsel fees plus his actual reasonable out-of-pocket expenses of this appeal.

2. There is the possibility that the Commission concluded that there was a change in the cause of a continuing disability. *See Dufault v. Midland-Ross of Canada, Ltd.*, 380 A.2d at 203. There was some evidence, the competence of which we do not address, that the present cause of the employee's condition was congenital spondylolysis and not the work-related injury. However, the facts found by the Commissioner are insufficient to support the decree on that theory. *Id.*

3. This principle in no way conflicts with the rule that an employee who is only partially disabled in the medical sense has an obligation to seek work within his limited capacity as a precondition to obtaining continuing benefits for *total*, as distinguished from partial, incapacity. E. g., *Theriault v. Walsh Construction Company*, Me., 389 A.2d 317 (1978). *Cf. Fecteau v. Rich Vale Construction, Inc.*, Me., 349 A.2d 162, 164 (1975).

4. The name of the Industrial Accident Commission was changed to Workers' Compensation Commission by P.L.1978, ch. 612.