422 A.2d 1292 (1980)
James HANEY
v.
LANE CONSTRUCTION CORPORATION.
Supreme Judicial Court of Maine.
Argued September 9, 1980.
Decided November 25, 1980.
*1293 Vafiades, Brountas & Kominsky by Eugene C. Coughlin (orally), Bangor, for plaintiff.
Rudman, Winchell, Carter & Buckley, William S. Wilson (orally), Michael P. Friedman, Bangor, for defendant.
Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.
GODFREY, Justice.
Employee James Haney appeals from a pro forma judgment of the Superior Court approving a Workers' Compensation Commission decree on a petition for review of total incapacity brought by the employer, Lane Construction Corporation, which cross-appeals. We sustain the appeal and deny the cross-appeal.
On November 15, 1977, Haney suffered a work-related injury to his lower back while employed by Lane Construction Corporation. Pursuant to an agreement dated October 6, 1978, and approved by the Commission on March 19, 1979, Haney began receiving compensation for total incapacity for work as of August 31, 1978. On March 22, 1979, the employer filed a petition to review incapacity. Three hearings were held on that petition, in May and November of 1979 and in January of 1980. The employee gave no testimony at the second and third hearings. At the May hearing, the employee testified, chiefly about his unsuccessful efforts to find employment between the 5th and 17th of May, 1979. Two orthopedic specialists testified at the November and January hearings. From their testimony, it does not appear that either physician had ever seen Haney before November of 1978 or consulted any medical or hospital records pertinent to Haney's condition that had been made before execution of the approved compensation agreement of October 6, 1978.
*1294 On January 23, 1980, the Commission issued its decree, concluding, first, that from August 31, 1978, to February 1, 1979, Haney had been totally disabled as a result of his injury; second, that between February 1, 1979, and June, 1979, he had regained some work capacity but, despite good faith efforts to find suitable work, had not been able to find work; third, that after June 1, 1979, he had been "75 percent disabled."
The parties to this appeal have raised a number of difficult issues. Haney contends that the Commission erred in not concluding he was totally incapacitated for work. He argues that if evidence of the reasonableness of his work search was sufficient to sustain a finding of total incapacity for work before June 1, 1979, the Commissioner could not, as a matter of law, find it insufficient for that purpose after June in the absence of any additional testimony from Haney. He also contends that there was no competent evidence to support the Commission's initial finding of a change in his medical condition of total physical disability after execution of the agreement of October 6, 1978. We do not reach the labyrinth of issues raised by both parties concerning the sufficiency of the evidence of Haney's search for work and the period for which such a search might have justified compensation for total incapacity, for it is apparent from the record before us that the employer did not meet its initial burden of proving, by comparative evidence, that Haney's earning incapacity attributable to the work-related injury had diminished or ended.
An employer who petitions for review of incapacity under 39 M.R.S.A. § 100 (1978) has the burden of proving that the employee's incapacity for remunerative work, attributable to the work-related injury, has diminished or ended. Matthews v. Boss, Me., 389 A.2d 32 (1978); Lancaster v. Cooper Industries, Me., 387 A.2d 5 (1978); Dailey v. Pinecap, Inc., Me., 321 A.2d 492 (1974); Connelly's Case, 122 Me. 289, 119 A. 664 (1923).[1] The burden is the same whether the prior determination of incapacity has been arrived at by a Commission decree or through settlement by the employer and employee in an approved compensation agreement. In either case, to avoid relitigation of matters already settled, the employer must prove diminution in earning incapacity attributable to the injury, Nelson v. Town of East Millinocket, Me., 402 A.2d 466, 468 (1979), and the proof must be made by comparative evidence. Hafford v. Kelly, Me., 421 A.2d 51 (1980); Van Horn v. Hillcrest Foods, Inc., Me., 392 A.2d 52, 54 (1978); Dufault v. Midland-Ross of Canada, Ltd., Me., 380 A.2d 200 (1977). Where the extent of incapacity attributable to the injury has been settled by prior approved agreement, the percentage of incapacity thereby determined is given the same force as if it had been determined by Commission decree, and the critical time from which change is measured is the time of execution of the agreement. Hafford v. Kelly, supra; Matthews v. Boss, Me., 389 A.2d 32, 34 (1978); Dufault v. Midland-Ross of Canada, Ltd., supra. See 3 A. Larson, Workmen's Compensation Law §§ 81.32, 81.33 (1976).
*1295 Normally, a Commission decree determining that the work-related injury has caused total earning incapacity states the basis on which the Commission makes the determination; i. e., either total physical disability of the employee, or partial disability coupled with a finding, based on sufficient evidence, that the employee is unable to perform any kind of remunerative work either because it is not ordinarily available in the community or because it is not available to the particular employee, who has made reasonable efforts to obtain such work and has failed by reason of his injury. Connelly's Case, 122 Me. 289, 293, 119 A. 664, 666 (1923).
Where the extent of incapacity has been determined not by a decree but by a prior approved compensation agreement of the parties, the basis for that determination is often not stated in the agreement. Where the prior agreement is for total incapacity without limit of time specified, it is likely to have been reached on the premise of total physical disability attributable to the employee's work-related injury, usually as ascertained by medical examination. See 3 A. Larson, supra, § 81.31. If that is the case, it makes sense to require, as our decisions do, that the medical evidence adduced on an employer's petition for review be comparative in order to prove diminution of incapacity attributable to the injury. Hafford v. Kelly, supra; Matthews v. Boss, supra. Expert medical testimony to the effect merely that the employee "now has the ability to do lighttomoderate work" will not suffice without further testimony comparing his physical condition with his condition at the time of the earlier compensation agreement.
On the other hand, it is at least theoretically possible that employer and employee entered into their prior agreement for total incapacity with the understanding that although the employee may not have been totally disabled physically, the likelihood was negligible that he would be able, as a result of his injured condition, to find gainful employment in his community. The parties may have agreed, in effect, that no work he could do gainfully in his condition at the time would be available to him in his community because of his injury.
The approved compensation agreement of October 6, 1978, between Haney and Lane Construction Corporation is not in the record on this appeal, and the Commission has not made any finding as to the basis for the determination by the agreement that Haney was totally incapacitated for remunerative work. There is evidence in the language of the Commission decree itself that the agreement was based on total physical disability attributable to the injury, rather than on partial physical disability with prospective unavailability of gainful employment. The decree contains the following statement:
We find that he has been actually totally disabled by his injury since he stopped work in August 1978, until about February 1, 1979. About that time, from a medical viewpoint, he had regained some work capacity . . . .
That language suggests strongly that the Commission was proceeding on the assumption that total physical disability was the basis of the October 6, 1978, compensation agreement.
If that assumption was correct, the employer was required to produce comparative medical evidence showing improvement in Haney's physical condition. There being no suggestion of fraud, if the 1978 compensation agreement determined Haney's total incapacity on the basis of total physical disability, that determination must stand until actual change in his condition is shown by competent testimony comparing his physical condition at or before the execution of the compensation agreement with his condition at a later time. Hafford v. Kelly, supra; Matthews v. Boss, supra; Dufault v. Midland-Ross of Canada, Ltd., supra.
No change in Haney's physical disability can be inferred from the medical testimony heard by the Commission. There was no evidence that the two doctors who examined Haney had ever seen him before the initial compensation agreement was executed *1296 or that either doctor consulted medical records or x-rays of Haney's condition made before or at the time of the initial agreement. See Van Horn v. Hillcrest Foods, Inc., supra. The record discloses no medical opinion relating to a change in his disability from the time of the agreement. It discloses only that both doctors examined the appellant after the agreement was executed, took an oral history from the appellant at that time, and concluded merely that he had a capacity for light to moderate work. Such evidence is not comparative.
At oral argument, the employer's counsel pointed to certain testimony by Haney himself as evidence sufficient to meet the comparative medical evidence requirement. In effect, Haney testified that, having learned that a petition for review of incapacity had been filed, on advice of his attorney he began looking for light work at local filling stations, garages, and stores, believing such work to be the only type of work he could perhaps do without pain. Either by itself or in the context of the rest of his testimony, the testimony in question fell far short of being sufficient for purposes of the comparative medical evidence rule; among other things, it had no tendency to prove that his physical condition had changed from the time of the original compensation agreement.
It is necessary to address briefly the possibility that the parties entered into the 1978 agreement for compensation for total incapacity on the basis that although the employee was only partially disabled, remunerative work within his capacity would not be available to him in his community because of his injury. On that hypothesis, since there is no competent evidence in the record of change in Haney's physical condition, the employer would have the burden of proving that Haney's incapacity for remunerative work had diminished as a result of improvement in the availability of such work to him in his community.[2] Even if the prior agreement was based on such an understanding, the record is devoid of any competent comparative evidence tending to show a diminution in Haney's work incapacity because of an improvement in the availability of such work. Without such evidence, the employer could not have met its burden of showing change even if the 1978 agreement was executed with the understanding that compensation for total incapacity was being agreed to on the basis of partial physical disability plus non-availability of remunerative work that Haney could do in his injured condition. Accordingly, the adequacy of Haney's work search efforts is irrelevant on this appeal.
On whichever basis the prior approved agreement provided for compensation for total incapacity, the terms of that agreement continue to control the obligations of the parties. There is no competent comparative evidence of any diminution of Haney's incapacity for remunerative work.
The entry must be:
Appeal sustained; cross-appeal denied.
Pro forma judgment of the Superior Court approving the Commission's decree of January 23, 1980, vacated; case to be remanded to the Commission to reinstate the approved agreement of the parties dated October 6, 1978, and enter a decree consistent with the opinion herein.
It is further ordered that the employer pay to the employee an allowance of $550 for his counsel fees, plus his reasonable out-of-pocket expenses for this appeal.
All concurring.
NOTES
[1] Professor Larson has explained the concept of "incapacity for work" as follows:

The key to understanding this problem is the recognition, at the outset, that the disability concept is a blend of two ingredients, whose recurrence in different proportions gives rise to most controversial disability questions: The first ingredient is disability in the medical or physical sense, as evidenced by obvious loss of members or by medical testimony that the claimant simply cannot make the necessary muscular movements and exertions; the second ingredient is de facto inability to earn wages . . .
The two ingredients usually occur together; but each may be found without the other: A claimant may be, in a medical sense, utterly shattered and ruined, but may by sheer determination and ingenuity contrive to make a living for himself; conversely, a claimant may be able to work, in both his and the doctors' opinion, but awareness of his injury may lead employers to refuse him employment.
2 A. Larson, Workmen's Compensation Law § 57.10 at 10-4 (1976). See Ray's Case, 122 Me. 108, 119 A. 191 (1922).
[2] Decision of this case does not require analysis of the allocation, as between employer and employee, of their respective burdens of proof and production of evidence. See Ibbitson v. The Sheridan Corporation, Me., 422 A.2d 1005 (1980).