**Floyd W. BROWN**

v.

**CIANBRO CORPORATION and United States Fidelity & Guaranty Company.**

Supreme Judicial Court of Maine.

Argued March 12, 1981.

Decided March 26, 1981.

ty pursuant to the compensation agreement executed November 13, 1977.

It is further ordered that the employer pay to the employee $550.00 for his counsel fees plus his actual and reasonable out-of-pocket expenses of this appeal.

All concurring.

Norman & Hanson, Stephen Hessert (orally), Robert F. Hanson, Portland, for plaintiff.

Mitchell & Stearns, Peter M. Weatherbee (orally), Bangor, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

## MEMORANDUM OF DECISION

In November 1977, Floyd Brown entered into an approved agreement wherein his employer, Cianbro Corporation, agreed to pay for total incapacity resulting from an injury sustained in October 1977. In April 1980, upon Cianbro's petition for review of incapacity, the Workers' Compensation Commission reduced compensation on the basis that Brown was then "65% partially disabled" and that he "did not engage in a good faith work search." The record reveals no evidence that Brown's incapacity for remunerative work had diminished since November 1977 as a result of either 1) an improvement in his physical condition as established by comparative medical evidence or 2) an improvement in the availability of remunerative work within his reduced physical ability. Cianbro thus has failed to meet its initial burden, Brown need not have produced evidence of a work search, and the petition ought to have been denied. *Haney v. Lane Construction Corp.*, Me., 422 A.2d 1292 (1980); *Ibbitson v. Sheridan Corp.*, Me., 422 A.2d 1005 (1980); *Hafford v. Kelly*, Me., 421 A.2d 51 (1980).

The entry is:

Judgment vacated.

It is ordered that employee Brown be restored to compensation for total incapaci-