Norman CURTIS, Sr.

v.

**BRIDGE CONSTRUCTION CORPORATION and Liberty Mutual Insurance Company.**

Supreme Judicial Court of Maine.

Argued Nov. 21, 1980.
Decided April 7, 1981.

Burton G. Shiro (orally), Ronald L. Bishop, Waterville, for plaintiff.

Robinson & Kriger, Roland Beaudoin (orally), Sarah Thornton, James Kriger, Portland, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

WERNICK, Justice.

Norman Curtis, a worker, appeals from a pro forma judgment entered in the Superior Court (Franklin County). The judgment affirmed a decision made by the Workers' Compensation Commission upon a petition for review of incapacity filed by the worker's employer, Bridge Construction Corporation. The Commission's decision terminated the worker's entitlement to payment of compensation.

We deny the appeal and affirm the judgment.

On August 29, 1977, the worker injured his back while at work. In September, 1977, the employer began paying the worker compensation for total incapacity. These payments were still being made when, on April 12, 1979, the worker and the employer executed an open-ended agreement which called for compensation to be paid the worker for total incapacity, and it acknowledged that the worker's entitlement to such compensation had commenced as of September 9, 1977. The agreement was duly approved on May 14, 1979.

Four days later, the employer filed a petition for review of the worker's incapacity. Hearings were held on July 17 and August 27, 1979. The only medical evidence presented regarding the worker's condition was the testimony of Dr. John McGinn, who had seen the worker on three occasions: on December 5, 1977, at some time early in 1978, and on June 25, 1979. Dr. McGinn's opinion as of December, 1977 and early 1978 was that the worker was then able to do only moderate work. In June, 1979, however, according to Dr. McGinn, the worker had regained the physical ability to do the work required of a steam-roller operator, the worker's pre-injury job.

Ruling in favor of the employer on the petition for review of incapacity, the Com-

mission found that the worker had recovered "substantially all of his pre-accident work capacity" and, therefore, that payment of compensation should terminate.

The worker's sole point on appeal is that the evidence did not support the Commission's decision.

The Commission's determination that at the time of the petition for review the worker was able to perform work "substantially" as before he was injured is a finding of fact, *DeRoche v. Bangor Roofing and Sheet Metal Co.*, Me., 411 A.2d 1026 (1980), and as such it is conclusive if supported by competent evidence.

The worker's contention is that competent evidence was entirely lacking because there was no evidence comparing the worker's physical condition at the time of the petition for review with his physical condition at the time of the execution of the agreement for payment of compensation for total incapacity.

Although such comparison evidence is usually required where the employer petitions for review of a worker's total incapacity as established by an approved agreement,[1] and although it is true that, here, there was no such comparison evidence, we decide that in the particular circumstances of this case none was necessary.

■ The general requirement of comparison evidence was prescribed to assure that the force of an approved agreement for total incapacity will not be jeopardized as a definitive adjudication where, as frequently happens, the agreement fails to state the basis for the determination of the worker's total incapacity to earn. *See Haney v. Lane Const. Corp.*, Me., 422 A.2d 1292, 1295 (1980). The reason this danger arises is that the failure of an agreement to specify the physical condition of the worker on which it was based can lead to ambiguity regarding what was definitively settled by the agreement. As this Court has frequently clarified, there can be two bases

supporting an agreement to pay compensation for total incapacity, either: (1) a total physical disability of the worker caused by work-related injury; or (2) a partial such physical disability coupled with the unavailability of work for a worker so disabled. *See, e.g., Haney v. Lane Const. Corp., supra*, at 1294, n.1; *Ibbitson v. Sheridan Corp.*, Me., 422 A.2d 1005, 1008 (1980); *Pelchat v. Portland Box Co.*, 155 Me. 226, 153 A.2d 615 (1959); *Connelly's Case*, 122 Me. 289, 119 A. 664 (1923); *Ray's Case*, 122 Me. 108, 119 A. 191 (1922).

■ Because an approved agreement for payment of compensation for total incapacity can be thus ambiguous, the rule was established that if the agreement fails to disclose the worker's physical condition at the time the agreement was made, the employer seeking a reduction in the worker's compensation, in order to meet the burden of proof, must present competent and adequate evidence of the physical disability of the worker at the time of the execution of the agreement in comparison to the worker's present physical disability. *See Hafford v. Kelly, supra*, at 53; *Matthews v. Boss*, Me., 389 A.2d 32 (1978).

Plainly distinguishable, however, is the situation where the employer seeks to meet the burden of proof with evidence showing not merely some improvement in the worker's physical condition, thereby establishing a diminution of the effects of the worker's work-related injury, but, rather, that the worker now has *no* physical disability resulting from that injury. In this latter context the rationale for the requirement of comparison evidence disappears; under the Act, a worker who suffers from no physical disability attributable to the original incident, since he no longer has a disabling "injury", is simply not entitled to payment of compensation. 39 M.R.S.A. § 51; *see also* 39 M.R.S.A. §§ 54–57. Hence, no risk arises that *prior* matters deemed settled by an approved agreement can become subject to relitigation because the agreement had

---

1. *See Haney v. Lane Const. Corp.*, Me., 422 A.2d 1292, 1295 (1980); *Hafford v. Kelly*, Me., 421 A.2d 51, 53–54 (1980); *Van Horn v. Hill-crest Foods, Inc.*, Me., 392 A.2d 52, 54 (1978); *Dufault v. Midland-Ross of Canada, Ltd.*, Me., 380 A.2d 200 (1977).

failed to specify how much of the worker's incapacity was attributable to physical disability and how much, if any, was attributable to the unavailability of work for someone in the worker's physical condition. It must have been the fact, in any event, that the worker was suffering at least some physical disability, thus to have had a work-related "injury" within the meaning of the Act; unless this were so, the agreement could not have had a valid legal basis. Hence, the proving of *no* present physical disability at the time of the petition for review necessarily establishes that the change in the worker's condition of disability occurred *after* the approved agreement was executed and, therefore, the force of the agreement as a definitive adjudication of *prior* matters is not being undermined. *See Hafford v. Kelly, supra,* at 53; *Dufault v. Midland-Ross of Canada, Ltd., supra,* at 203–06.

Here, then, Dr. McGinn's testimony stating his opinion of the worker's physical condition as of June, 1979, was competent and adequate evidence supporting the Commissioner's finding of fact that the worker's physical disability had ended and that, therefore, he was no longer entitled to payment of compensation.

The entry shall be:

Appeal denied; judgment affirmed.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00 together with his reasonable out-of-pocket expenses for this appeal.

All concurring.