### Roger TROTT

v.

### CIANBRO CORPORATION and United States Fidelity & Guaranty Company.

Supreme Judicial Court of Maine.

Argued Nov. 5, 1980.

Decided July 3, 1981.

Sunenblick, Fontaine & Reben, Donald F. Fontaine (orally), Portland, for plaintiff.

Mitchell & Stearns, Peter M. Weatherbee (orally), Bangor, for defendants.

Before WERNICK, GODFREY, NICHOLS, GLASSMAN,* ROBERTS and CARTER, JJ.

NICHOLS, Justice.

Roger Trott, an employee of Cianbro Corporation, appeals from a *pro forma* judgment of the Superior Court (Penobscot County) which affirmed a decision of the Workers' Compensation Commission on his employer's petition for review of Trott's incapacity. Pursuant to the employee's request for findings of fact and conclusions of law, the Commission found as a fact that Trott's right knee problems, initially caused by a compensable injury, had improved to the extent that "the Employee could return to his regular employment as a steam fitter." The Commission concluded that Trott's "incapacity from the compensable injury had ended."

We affirm the judgment because the Commission's factual findings are supported by competent evidence.

The requirement of comparative evidence, contrasting the employee's physical condition at the time of the petition for review with his physical condition at the time of the execution of the agreement for payment of partial compensation, disappears in the factual pattern of this case. *See Curtis v. Bridge Construction Corp.,* Me., 428 A.2d 62, 64 (1981). Here, the rec-

---

* GLASSMAN, J., sat at argument and participated in the initial conference but died before the opinion was adopted.

ord demonstrates that the employee no longer has any physical incapacity resulting from the previously compensable injury. Accordingly, he "is simply not entitled to payment of compensation." *Id.*[1]

The entry is:

Appeal denied.

Judgment affirmed.

It is ordered that the employer pay to the employee an allowance of $550.00 for his counsel fees plus his actual and reasonable out-of-pocket expenses for his appeal.

All concurring.

1. *Curtis,* where as here the disability was found to have ended, must be distinguished from *Marquis v. Keyes Fibre Co.,* Me., 428 A.2d 69, 70 (1981), where the disability was found to have only diminished.