**Dale A. FOLSOM**

v.

**NEW ENGLAND TELEPHONE & TELEGRAPH CO.**

Supreme Judicial Court of Maine.

Argued May 8, 1981.

Decided July 29, 1981.

Solman, Page & Hunter, Robert H. Page (orally), Caribou, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Albert Ayer (orally), Portland, for defendant.

Before WERNICK, GODFREY, NICHOLS and ROBERTS, JJ.

ROBERTS, Justice.

We·confront an unusual appeal by Dale A. Folsom. He asserts a right to appeal even though the Workers' Compensation Commission found in his favor and denied the petition to review incapacity filed by his employer, New England Telephone & Telegraph Co. (N.E.T.). We deny N.E.T.'s motion to dismiss, vacate the decision of the Commissioner, and remand for further proceedings.

Folsom was employed by N.E.T. as a lineman in July 1975 when he suffered a work-related injury to his back. He received compensation for total incapacity until the middle of March 1977, when he resumed work for N.E.T. taking a clerical job that was lower-paying and less physically demanding than that of lineman. He then began receiving compensation for partial incapacity.

By the end of 1977, back pain forced Folsom to stay home with increasing regularity. In January 1978, N.E.T. agreed to compensate Folsom once again for total incapacity. This agreement, duly approved by the Commission, described Folsom's 1975 injury as "low back strain—displaced IV disc."

In July 1979 N.E.T. filed a petition for review of incapacity. After hearing, the Commissioner denied the petition. The company moved for further findings of fact. Despite Dr. Somerville's testimony that Folsom's medical condition was basically unchanged during the relevant period, the Commissioner found that Folsom's medical disability had diminished since the 1978 agreement, and that Folsom's capacity for gainful employment as of January 30, 1980, was 25% of his pre-accident capacity. While the Commissioner also found that total compensation should continue in light of Folsom's unsuccessful good-faith work search,· Folsom contends that the above quoted finding should not be allowed to stand. N.E.T. has moved to dismiss Folsom's appeal as non-justiciable.

N.E.T. argues that only a "party aggrieved by any judgment, ruling or order" has a right of appeal from the Superior Court. 14 M.R.S.A. § 1851. N.E.T. suggests that because the decree affirms Folsom's continuing right to compensation for total work incapacity, it does not "operate prejudicially and directly upon [his] property, pecuniary or personal rights," citing *Jamison v. Shepard*, Me., 270 A.2d 861 (1970); *Perkins v. Kavanaugh*, 135 Me. 334, 196 A. 645 (1938).

We think otherwise. Regardless of what rule would be appropriate in other civil litigation, the nature of the continuing jurisdiction of the Workers' Compensation Commission over these proceedings may elevate findings of fact to the level of an order that operates "prejudicially and directly" upon Folsom's rights. We recognized in *Perkins* that there exist exceptions to the general rule.[1] We have repeatedly emphasized the importance of the record of prior proceedings when faced with questions of diminution in work incapacity. E. g., *Marquis v. Keyes Fibre Co.*, Me., 428 A.2d 69, 70 (1981); *Haney v. Lane Construction Corp.*, Me., 422 A.2d 1292 (1980). Subsequent proceedings between Folsom and his employer will be influenced by the factual findings concerning physical disability. Therefore, Folsom is a party aggrieved even though his complaint with the decision below is based solely upon its factual basis rather than its result.

We review the factual findings of the Commissioner to determine if they are supported by competent evidence. *Dunton v. Eastern Fine Paper Co.*, Me., 423 A.2d 512, 518 (1980). On its petition for review of incapacity, N.E.T. must prove, by means of comparative medical evidence, that Folsom's condition has *improved*. *Haney*, 422 A.2d at 1295; *Ibbitson v. Sheridan Corp.*, Me., 422 A.2d 1005 (1980). Regardless whether the record may support the finding that on January 30, 1980, Folsom had 25%

---

1. *See, e. g., Sevigny v. Home Builders Association of Maine, Inc.*, Me., 429 A.2d 197 (1981).

of his pre-accident work capacity, we do not find in the record the requisite evidence to support any finding of a *change* or *diminution* of his physical disability. This is so because, as we have said repeatedly, we cannot permit different conclusions as to the extent of disability to be based upon the same medical condition. We must, therefore, vacate the judgment and remand for redetermination by the Commission of its award of compensation herein.

The entry is:

Pro forma judgment vacated.

Remanded to the Workers' Compensation Commission for further proceedings consistent with the opinion herein.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00, together with his reasonable out-of-pocket expenses for this appeal.

All concurring.